**EXHIBIT R**



# Yale OFFICE OF THE PROVOST

PO Box 208333
New Haven CT 06520-8333
T 203 432-4444
F 203 432-0161
provost.yale.edu

*courier*
2 Whitney Avenue, Suite 400
New Haven CT 06510

January 12, 2018

**CONFIDENTIAL**

[redacted]

Dear [redacted]:

I am writing in response to your appeal of Dean Chun's decision regarding the complaints that [redacted] and [redacted] brought against you to the University-Wide Committee on Sexual Misconduct ("UWC"). I have carefully reviewed the relevant material and the procedures of the UWC and, for the reasons explained below, I have decided that your appeal should be denied.

Under the UWC's procedures, "[t]he only grounds for appeal are (i) procedural error that prevented the hearing panel or the decision maker from judging the matter fairly, or (ii) the discovery of facts that were not reasonably available to the appealing party prior to the UWC hearing and that support or refute the allegation of sexual misconduct." Your appeal cites both of these grounds.

Procedural Grounds

You first argue that the complainants were allowed to hear each other's testimony. The UWC's procedures expressly allow the parties to hear other parties' testimony: *"The party who is not before the panel will be in a private room with audio access to the proceedings."* (UWC Procedures 7.4). Accordingly, this was not procedural error.

Second, you state that the complainants exchanged text messages with one another during the hearing. I have concluded that this exchange of messages did not prevent the panel or decision maker from judging the matter fairly. First, the panel was made aware that the texting had taken place and they viewed the content of the texts. The panel explicitly found that the messages contained no evidence of collusion and that the complainants were credible with regard to their accounts of sexual misconduct. Second, the decision maker was aware of the existence and content of the text messages when he made his decision. Third, I have myself carefully read the texts and I too do not find them to be evidence of collusion or otherwise to affect the credibility of the parties or of other evidence.

Next you make an argument that conflicts of interest resulted in a biased adjudication. The alleged conflicts that you identify are: (1) that [redacted] father is

a well-known faculty member; (2) that ▇▇▇▇ parents are Yale alumni and her father is a "legal scholar"; and (3) that David Post is a colleague of ▇▇▇▇ in the same field and should have recused himself.  The fact that a party's parents are alumni and/or lawyers does not create any conflict or potential conflict.  Care was taken to avoid any potential conflict that might arise from ▇▇▇▇ position on the faculty.  The UWC panel members who heard the case and Dean Chun who decided it are not members of ▇▇▇▇ department.  I also find no merit to your complaint regarding the role of Professor Post.  Professor Post is not in ▇▇▇▇ department or research field.  There is no evidence that ▇▇▇▇ relation to one of the complainants biased or otherwise influenced the process.

Your fourth argument is that the lack of an official record of the hearing was procedural error.  The UWC Procedures expressly address the retention of records of UWC proceedings and do not provide for recording of the hearing.  The only provision pertaining to the hearing record states: *"The minutes of a UWC hearing consist of a protocol annotated to indicate the time at which each phase of the process started and ended.  The minutes do not record statements, testimony, or questions."*  (UWC Procedures 8, footnote 19).   Accordingly, this was not procedural error.

Your fifth, sixth and seventh arguments claim that the fact-finder was biased against you, that she failed to thoroughly interview all relevant witnesses and made erroneous assessments of fact and credibility.  I do not agree that the examples you cite, separately or in aggregate, represented procedural errors that prevented a fair judgment of the case.  The UWC's procedures place in the hands of the fact-finder the initial responsibility for gathering, sorting, and describing the facts – including deciding which witnesses to interview.  The fact-finder's report is then reviewed by the chair of the UWC and, if the chair is satisfied that the fact-finder has properly exercised his or her discretion, the report is sent to the parties and the panel.  Here, the fact-finder produced, in addition to her primary report, a supplemental report, with additional witness interviews. Although the panel did not receive the supplemental report until after the hearing, you were allowed to comment on the report in a written statement to the panel.  I have carefully read the fact-finder's report with special attention to each of the sub-parts claiming the fact-finder's alleged bias in this section of the appeal.  I did not find any evidence of bias, nor would the specific decisions you challenge in your appeal have prevented the panel or the decision maker from judging your case fairly.

In your eighth argument, you claim that a prior informal complaint against you was improperly included in the investigation report and relied upon by the panel.  You cite Section 7.4 of the UWC Procedures which states*: "The panel may not take into account as evidence of culpability previous accusations of other acts of sexual misconduct that did not result in formal discipline or the fact that a criminal investigation or prosecution is pending in relation to the events complained of."*  I find no procedural error here.  The information was relevant to the delay between the alleged incidents and the filing of

2

formal complaints with the UWC. Moreover, the report of the UWC panel amply explains the findings on which it relied in concluding that you were culpable of three instances of groping and of creating a hostile academic environment for ███████. I find that the references to the prior informal complaint did not prevent the panel or Dean Chun from judging the matter fairly.

I see no basis for your ninth argument that the University did not use a preponderance of the evidence standard in judging your case. The UWC panel's report explicitly states that it reached each of its four conclusions about your sexual misconduct "by a preponderance of the evidence." Under the UWC's procedures it is the role of the panel to weigh evidence and find facts, and it is left to the panel to decide which findings are critical to its conclusions and to make judgments regarding credibility. The fact that you disagree with the panel's findings and conclusions is not grounds for appeal.

Your tenth argument claims that the University's policies lack a definition of "groping" and that this resulted in an unfair outcome. The lack of an explicit definition of the word "groping" in Yale's sexual misconduct policies is not a procedural error.

In your eleventh argument, you claim that the decision maker did not provide a rationale for the decision and sanction. The panel's report was forwarded to Dean Chun, the appropriate decision maker. Dean Chun, after carefully reviewing the relevant documents, decided to accept the panel's findings of fact; he also accepted and adopted the conclusions reached by the panel. The decision maker determined the penalties to be imposed in light of his conclusions. The UWC Procedures were followed; accordingly, there was no procedural error.

Your twelfth argument is that the suspension imposed on you was an unduly harsh and unwarranted sanction. This argument also does not claim a procedural error. Even if the proportionality of the sanction were subject to challenge on appeal, I would not agree that the sanction imposed in your case is unduly harsh or disproportionate.

New Facts

In your appeal, you also claim the discovery of new facts that were not reasonably available to you prior to the hearing and that refute the allegation of sexual misconduct. You cite as alleged new facts: (1) the supplemental factfinder's report which included interviews with additional witnesses; and (2) the complainants' responses to the report by the panel. Your appeal does not present any new facts, rather it makes a set of further procedural objections. With regard to the supplemental factfinder's report, you were allowed to submit a written response to the UWC panel. Your appeal only provides one example of new information that the complainants were able to introduce in their responses to the UWC report: ███████ account of her prior experiences with other men. While this information is not relevant to the case other than insofar as it explains

3

the timing of the complaint, there is no reference to this "new information" in the panel report or in Dean Chun's decision. There is no reason to believe that this information influenced the panel's findings or conclusions, or the decision.

Your appeal further cites alleged breaches of confidentiality. Breaches of confidentiality – whether meant as retaliation towards a party or with some other intent, and whether they are committed by complainants, respondents or others – are improper and should not occur. However, your dissatisfaction with the UWC's response to your allegations does not provide grounds for appeal.

Finally, as I have already stated I do not agree that the sanction imposed in this case is unduly harsh or disproportionate.

Sincerely,

*Ben Polak*

Ben Polak
Provost
William C. Brainard Professor of Economics


cc:  Marybeth Sydor, Advisor
     Aley K. Menon, Secretary, University Wide Committee on Sexual Misconduct