**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

———————————————————x
                                          :
JOHN DOE,                                 :    Civil Action No.: 3:18-cv-00110-JCH
                                          :
            Plaintiff,                    :
                                          :
v.                                        :
                                          :
YALE UNIVERSITY, ET AL.                   :
                                          :
            Defendants.                   :
———————————————————x    March 23, 2018

### MEMORANDUM OF LAW IN SUPPORT OF JANE ROE'S MOTION TO QUASH SUBPOENA DUCES TECUM AND FOR A PROTECTIVE ORDER

Jane Roe ("Roe"), a non-party witness, submits this memorandum of law in

support of her motion to quash the subpoena duces tecum, dated March 5, 2018 (the

"subpoena"), for the production of documents on March 26, 2018, and for a protective

order with respect to her deposition on April 5, 2018. (A redacted copy of the subpoena

is attached hereto as Exhibit A.)  The subpoena was served on Roe on March 8, 2018.

## I.    BACKGROUND

The plaintiff, John Doe ("plaintiff"), commenced this action against the

defendants, Yale University ("Yale") and Yale University Board of Trustees (the "Board")

(collectively, "defendants"), alleging, *inter alia*, violations of Title IX of the Education

Amendments of 1972, 20 U.S.C. § 1681 et seq.; breach of contract; invasion of privacy

(violation of confidentiality and false light); and estoppel and reliance.  These claims are

based on the allegedly improper procedures employed and actions taken by defendants

against the plaintiff, a male student at Yale, as a result of allegations of "groping" and

"creating a hostile academic environment" made by two female Yale students, Jane Roe

and Sally Roe.[1]

The subpoena seeks, *inter alia*, the production of the following:

1. Any and all documents concerning or consisting of communications in your possession, custody or control, including but not limited to correspondence through text messages, instant messaging messages, e-mails and/or through any social media platform (*e.g.*, Facebook, Instagram, Snapchat, etc.), between you and [Sally Roe] concerning Plaintiff John Doe and/or your allegations against Mr. Doe and/or the manner in which Yale University handled or addressed your allegations, the investigation and/or the hearing process, from June 1, 2016 to the present.

2. Any and all documents concerning or consisting of communications in your possession, custody or control, including but not limited to correspondence through text messages, instant messaging messages, e-mails and/or through any social media platform (*e.g.*, Facebook, Instagram, Snapchat, etc.), between you and any person concerning Plaintiff John Doe and/or your allegations against Mr. Doe and/or the manner in which Yale University handled or addressed your allegations, the investigation and/or the hearing process, from June 1, 2016 to the present.

3. Please provide an executed HIPAA Release Form for the release of your medical records for any and all medical care providers whom you saw for treatment in connection with sadness, stress, anxiety, weight loss, depression and/or any other effects of having been exposed to Mr. Doe's alleged conduct.

4. Any and all documents in your possession, custody or control concerning or consisting of any effort by any person to identify Plaintiff John Doe as having engaged in sexual harassment, sexual assault or sexual misconduct of any kind or that he is/was unsafe or dangerous in any way as indicated in any formal or informal "whisper campaign," "whisper network", "black" list or otherwise.

In a footnote to request number 3, the plaintiff indicates that "[a] sample HIPAA

Release Form is enclosed herewith for your convenience." Subpoena, fn. 1.  The

---

[1] The female students are identified in the Complaint by the pseudonyms, Jane Roe and Sally Roe, which pseudonyms are used in this motion.  According to the Complaint, the allegation of "creating a hostile academic environment" was as to Jane Roe only. Complaint, ¶1.

attached form contains the notation: "Seeking Behavior/Mental Health/Psychiatric only."

<u>See</u>, <u>Exhibit A</u>.

Roe has objected to these requests and now moves to quash the subpoena on the grounds that all of the requests are overly broad, unduly burdensome, seek materials that are not relevant to any party's claims or defenses, and may impose significant expense on Roe, a college student, resulting from compliance, and because request number 3 seeks disclosure of private and privileged materials when there has been no waiver of any rights or privilege and no exception to the privileges applies.  Roe also moves for a protective order precluding the plaintiff from questioning her at her deposition about these communications and her medical care.

## II.    ARGUMENT

### A.  The subpoena should be quashed because it is overly broad, unduly burdensome, seeks information that is not relevant, and may impose significant expense on Roe, a college student, resulting from compliance.

#### i.  Legal Standards

"Any subpoena that is issued to non-parties pursuant to Rule 45 is 'subject to Rule 26(b)(1)'s overriding relevance requirement.'"  <u>Addona v. Parker Hannifin Corp.</u>, 2014 WL 788946, at *1 (D. Conn. Feb. 25, 2014).  Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Under Rule 401 of the Federal Rules of Evidence, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  If evidence is of no consequence in determining the action, then it is not relevant and it is not discoverable.

In addition, in determining whether to allow discovery, the court must determine that the discovery sought is proportional to the needs of the case.  This involves weighing the interests of the parties and non-parties to determine whether discovery, even if it seeks information that is relevant, should be allowed to proceed.  See, Fed. R. Civ. P. 26(b)(1).

In Tucker v. American International Group, Inc., 281 F.R.D. 85, 92 (D. Conn. March 15, 2012), the court held:

> With respect to non-parties in particular, although "[t]he permissible scope of discovery from a non-party is generally the same as that applicable to discovery sought from parties[,] ... [t]he burden on the party from which discovery is sought must, of course, be balanced against the need for the information sought."

Id. at 92 (citation omitted).  Furthermore, "In performing such a balance, courts have considered the fact that discovery is being sought *from a third or non-party,* which weighs against permitting discovery." Id. (emphasis in original) (citing, Medical Components, Inc. v. Classic Medical, Inc., 210 F.R.D. 175, 180 n. 9 (M.D.N.C. 2002) ("The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs.")) (Other citations omitted).

4

The court in <u>Tucker</u> also noted that within the Second Circuit, "courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome." <u>Id</u>. (citing, <u>Solarex Corp. v. Arco Solar, Inc.</u>, 121 F.R.D. 163, 179 (E.D.N.Y.1988), <u>aff'd</u>, 870 F.2d 642 (Fed.Cir.1989) ("Of significance, ... in balancing the competing hardships, is the Society's status as a non-party to this litigation. Under the authorities, this factor is significant in 'determining whether compliance [with a discovery demand] would constitute an undue burden.'")).

As the court in <u>Tucker</u> stated,

> [B]y its terms, Rule 45(c)(2)(B)(ii) mandates that courts protect third parties from onerous discovery requests. That provision states that, when "the serving party ... move[s] the issuing court for an order compelling production or inspection" from a non-party, "[t]hese acts may be required only as directed in the order, and the order *must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance*." Fed. R. Civ. P. 45(c) (2)(B)(ii) (emphasis added). Courts have relied on such language to protect non-parties from "significant expense" arising from document production. <u>See</u>, <u>e.g.</u>, <u>Jackson v. AFSCME Local 196</u>, 246 F.R.D. 410, 413 (D.Conn. 2007) (Hall, J.) (ordering plaintiff to pay expenses of non-party in complying with discovery request to gather electronic records); <u>Honda Lease Trust v. Middlesex Mut. Assur. Co.</u>, No. 3:05CV1426 (RNC), 2008 WL 349239, at *5 (D.Conn. Feb. 6, 2008) (Chatigny, J.) (instructing third party witness to seek an agreement with plaintiffs [sic] counsel regarding reasonable reimbursement of his expense, if "significant," in inspection and copying of documents per plaintiff's discovery request; otherwise, "he may move for reimbursement of some or all of those costs"); <u>Florida Software Systems, Inc. v. Columbia/HCA Healthcare Corp.</u>, No. 99–MC–0036E, 2002 WL 1020777 (W.D.N.Y., Feb. 25, 2002) (quoting Fed. R. Civ. P. 45(c)(2)(B)) ("[a]n order compelling production pursuant to a subpoena duces tecum 'shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying.'").

<u>Id</u>. (emphasis in original).

### ii. Discussion

In this case, the subpoena is overly broad, unduly burdensome, seeks information that is not relevant, and may impose significant expense on Roe, a college

student, resulting from her compliance.  The plaintiff's claims challenge the alleged

actions and procedures of the defendants, not Roe.  More specifically, the plaintiff

challenges the policies and procedures of Yale and the Board, asserting that:

> The procedural errors that prevented the hearing panel or decision maker from judging the matter fairly included:
>
> (1) a lack of due process by allowing the Complainants to hear each other's testimonies;
>
> (2) the constitutional violation of dismissing the Complainants' texting during the hearing and placing the burden of proof on John Doe to prove that collusion had occurred;
>
> (3) conflicts of interest that resulted in a biased adjudication;
>
> (4) lack of an official record of the hearing;
>
> (5) the failure to properly investigate and collect all available evidence;
>
> (6) the failure to thoroughly interview all relevant witnesses;
>
> (7) the complete disregard of contradictions and inconsistencies in the Complainants' and witnesses' statements when making assessments of fact and credibility;
>
> (8) the improper inclusion of information in the Fact-Finder's report which the hearing panel and decision maker relied upon as a determination of John Doe's responsibility;
>
> (9) failure of [Yale] to demonstrate a burden of proof using the preponderance of the evidence standard;
>
> (10) failure to define the policy violation;
>
> (11) lack of a rationale for the Decision and Sanction; and,
>
> (12) the imposition of an unduly harsh and unwarranted sanction of suspension. All of these procedural errors, individually and when taken together, unfairly and materially affected the outcome of John Doe's case.

Complaint, ¶169.

6

Although the plaintiff devotes more than five pages in his Complaint to setting forth the nature of the allegedly false "groping" claims made against the plaintiff, to Yale, by Roe and her fellow student; see, Complaint ¶¶ 95-128; the causes of action in Counts I through V are all grounded upon the alleged actions taken and procedures followed by Yale in response to those claims.  Roe is not named as an additional defendant in this matter.  Consequently, Roe's communications and conduct before, during, and after the plaintiff's hearing, as well as the veracity of Roe's underlying complaint to Yale, are irrelevant to the question of whether the policies and procedures employed by the defendants against the plaintiff were substantially unfair, such that the plaintiff's rights were violated.  An action grounded in Title IX of the Education Amendments of 1972 is not a trial de novo on the underlying complaint filed by Roe. See, Doe v. Univ. of the South, 687 F. Supp. 2d 744 (E.D. Tenn. 2009) (citing, Gomes v. Univ. of Maine Sys., 365 F. Supp. 2d 6 (D. Maine 2005) ("This Court's review is substantially circumscribed; the law does not allow this Court to retry the University's disciplinary proceeding."); see also, Stenzel v. Peterson, 2017 WL 4081897 (D. Minn. 2017) (same).

In a case involving claims very similar to those in the present action, Xiaolu Peter Yu v. Vassar College, 97 F. Supp. 3d 448 (S.D.N.Y. 2015), the court stated,

> The Court's role, of course, is neither to advocate for best practices or policies nor to retry disciplinary proceedings.  Here, the sole questions before the Court are whether when Vassar College expelled Peter Yu for sexually assaulting a fellow student, it discriminated against him based on his gender in violation of Title IX, or otherwise violated a provision of state law."

Id. at 461 (citing Doe v. Univ. of the South).

Preliminarily, Roe submits that any communications that occurred *after* the hearing on November 27, 2017 (Complaint, ¶5), cannot possibly be relevant to the issues raised in the Complaint, which concern actions that occurred and procedures that were followed before or during the hearing.  Moreover, the only communications involving Roe that are relevant to the issues raised in the Complaint are those that were submitted and/or considered in conjunction with the hearing and the decision to suspend John Doe.  Those documents should already be in the possession of the plaintiff or would be available, if appropriate, from the defendants.  There is no reason to impose the burden on Roe to reproduce documents already in the possession of one or more parties to this action.  This is particularly true with respect to electronically stored information that is no longer readily available to Roe on devices that she owns or has ready access to.

The plaintiff's request for an authorization to obtain Roe's private and confidential medical records also seeks irrelevant information.  Roe is not asserting a claim for damages as a result of "treatment in connection with sadness, stress, anxiety, weight loss, depression and/or any other effects of having been exposed to Mr. Doe's alleged conduct." See subpoena, Exhibit A, document request no. 3.  These records, if any exist, are of no consequence in determining whether the defendants' actions and/or procedures were fair, or whether the defendants breached any contract with the plaintiff or invaded his privacy.  Consequently, these confidential medical records have no relevance to the claims in this action.

Alternatively, should the court find that any of the requested documents bear some relevance to the issues in the action, then Roe submits that the court should apply

the proportionality test set forth in Federal Rules of Civil Procedure 26(b)(1).  Weighing

any need the plaintiff might have to these records against the significant burden that will

be imposed on Roe and her right to privacy with respect to her health care information,

the balance clearly tips in favor of Roe, especially when taking into account Roe's status

as a non-party.

### B.  The Subpoena should be quashed because request number 3 violates Roe's personal privacy rights and seeks disclosure of confidential and privileged health care information.

### i. Legal Standards

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides that "[o]n timely

motion, the court by which a subpoena was issued shall quash or modify the subpoena

if it . . . (iii) requires disclosure of privileged or other protected matter and no exception

or waiver applies."  Rule 501 of the Federal Rules of Evidence states that, in general,

privileges are interpreted pursuant to federal common law, except that "in a civil case,

state law governs privilege regarding a claim or defense for which state law supplies the

rule of decision."  See Fed. R. Evid. 501.

The information sought in request number 3 constitutes protected health

information, which is protected from disclosure by HIPAA. 42 U.S.C. § 1320d, et seq.  In

addition, the Supreme Court of the United States has recognized a psychotherapist-

patient privilege.  In Jaffee v. Redmond, 518 U.S. 1 (1996), the Supreme Court held that

"confidential communications between a licensed psychotherapist and her patients in

the course of diagnosis or treatment are protected from compelled disclosure under

Rule 501 of the Federal Rules of Evidence. Id. at 15.  The privilege protects

communications with licensed psychiatrists, psychologists, and social workers. Id.  The notes taken by the psychotherapist during counseling sessions also are protected from compelled disclosure. Id. at 18.  This privilege is "rooted in the imperative need for confidence and trust" between the patient and the psychotherapist. Id. at 11.

This court has recognized that this privilege is "designed to avoid deterring people from seeking treatment for fear that they will suffer a disadvantage in later litigation." Jacobs v. Connecticut Cmty. Tech. Colleges, 258 F.R.D. 192, 195 (D. Conn. 2009).  In Jacobs, this court discussed the two views of waiver of the psychotherapist privilege, noting that the Second Circuit had adopted the "narrow" view of waiver under which "a plaintiff is not deemed to have waived the privilege by alleging only 'garden variety' emotional distress." Id. at 195 (citing, Sims v. Blot, 534 F.3d 117 (2d. Cir. 2008)).  In Sims, the Second Circuit, in adopting the "narrow" view of waiver, expressed its agreement that

> a plaintiff does not forfeit his psychotherapist-patient privilege merely by asserting a claim for injuries that do not include emotional damage; that a plaintiff does not forfeit that privilege by merely stating that he suffers from a condition such as depression or anxiety for which he does not seek damages; that a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege; and that a party's psychotherapist-patient privilege is not overcome when his mental state is put in issue only by a another party.

Id. at 134.

This court also has acknowledged that "the Second Circuit has repeatedly recognized a constitutionally protected right to privacy in medical records." Doe v. Town of Madison, 2010 WL 3829186 (D. Conn. September 22, 2010) (citing O'Connor v. Pierson, 426 F.3d 187, 201 (2d Cir.2005) ("[W]e easily hold that O'Connor had a

protected privacy right in the medical records sought by the Board.")).  In <u>Doe v. City of New York</u>, 15 F.3d 264 (2d. Cir. 1994), the Second Circuit held,

> We agree that the right to confidentiality includes the right to protection regarding information about the state of one's health.
>
> Extension of the right to confidentiality to personal medical information recognizes there are few matters that are quite so personal as the status of one's health, and few matters the dissemination of which one would prefer to maintain greater control over.

<u>Id</u>. at 267.

Similarly, under state law, Connecticut recognizes a physician-patient privilege that prohibits a physician, surgeon or health care provider from disclosing "(1) any communication made to him or her by, or any information obtained by him or her from, a patient . . . with respect to any actual or supposed . . . mental disease or disorder, or (2) any information obtained by personal examination of a patient, unless the patient . . . explicitly consents to such disclosure."  Conn. Gen. Stat. § 52-146o.

Connecticut also has a broad psychiatrist-patient privilege that protects the confidential communications or records of a patient seeking diagnosis and treatment. This privilege protects not only communications between the patient and psychiatrist, but also all communications relating to the patient's mental condition between the patient's family and the psychiatrist, or between any such persons and a person participating under the supervision of a psychiatrist in the patient's diagnosis and treatment, wherever made. <u>See</u>, Conn. Gen. Stat. §§ 52-146d to 52-146i.  Likewise, communications between a psychologist and a patient are protected from disclosure under Connecticut law. <u>See</u>, Conn. Gen. Stat. §52-146c.

### ii. Discussion

If a *plaintiff*, who seeks damages from a defendant, does not waive his psychotherapist-patient privilege by asserting a garden variety emotional distress claim or by stating that he suffers from conditions such as depression or anxiety, then certainly Roe has not waived this privilege.  Roe is not seeking any damages, and she has not asserted any claim in this lawsuit.  She certainly has not waived her psychotherapist-patient privilege merely because she may have received treatment for "sadness, stress, anxiety, weight loss, depression or any other effects of having been exposed to Mr. Doe's alleged conduct."  Likewise, Roe has not authorized and does not consent to the disclosure of any information that is protected from disclosure under HIPAA or Connecticut law, and she has not waived any of these rights or privileges.

Consequently, Roe's medical records related to any "treatment in connection with sadness, stress, anxiety, weight loss, depression and/or any other effects of having been exposed to Mr. Doe's alleged conduct," particularly "behavior/mental health/ [and] psychiatric" records, are protected from disclosure by both federal and state law.

### C. The court should enter a protective order to prevent the plaintiff from examining Roe at her deposition concerning any treatment for her mental or physical health.

For all the reasons discussed above, and because Roe has not waived her right to privacy with respect to any "treatment in connection with sadness, stress, anxiety, weight loss, depression and/or any other effects of having been exposed to Mr. Doe's alleged conduct," including treatment for "behavior/mental health/ [and] psychiatric" conditions, the court should enter a protective order prohibiting the plaintiff (and the

defendants) from questioning her about her mental or physical health and any treatment related thereto.  As discussed above, Roe has a right to privacy, which she has not waived.  Also, her communications with her health care providers are privileged, and she has not waived those privileges.  Finally, her mental and physical health are not relevant to any party's claims or defenses in this action.

## III.    CONCLUSION

For the reasons set forth herein, Roe respectfully requests the court to grant this motion to quash the subpoena duces tecum and to enter a protective order in her favor.

Dated: March 23, 2018                          THE MOVANT,
        New Haven, Connecticut                 JANE ROE


                                               By:    /s/ Peter T. Fay
                                                   Peter T. Fay (ct08122)
                                                   NEUBERT, PEPE & MONTEITH, P.C.
                                                   195 Church Street, 13th Floor
                                                   New Haven, Connecticut 06510
                                                   (203) 821-2000
                                                   pfay@npmlaw.com

## **CERTIFICATION**

I hereby certify that on March 23, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

        /s/ Peter T. Fay
    Peter T. Fay
    NEUBERT, PEPE & MONTEITH, P.C.

# **EXHIBIT A**

# UNITED STATES DISTRICT COURT

District of _____Connecticut_____

| | |
|---|---|
| **JOHN DOE,**<br>        Plaintiff,<br>vs. | **SUBPOENA** *Duces Tecum*<br>to Produce Documents and to Appear for<br>Deposition in a Civil Action |
| **YALE UNIVERSITY, *et al.*,**<br>        Defendants. | CASE NO.:  3:18-CV-00110-JCH |

TO: ███████████

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION:<br>The law offices of **Kapusta, Otzel & Averaimo, 250 Broad Street, Milford, Connecticut 06460** | DATE AND TIME<br>April 5, 2018<br>10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE "A" FOR A LIST OF DOCUMENTS TO BE PRODUCED PURSUANT TO THIS SUBPOENA.**

| PLACE FOR PRODUCTION:<br>The law offices of **Kapusta, Otzel & Averaimo, 250 Broad Street, Milford, Connecticut 06460** | DATE AND TIME<br>March, 26, 2018<br>11:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*                                    Attorney for John Doe | DATE<br>March 5, 2018 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER AND EMAIL:
Robert M. Fleischer, Fleischer Law, LLC, 12 Centennial Drive, Milford, CT 06461; (203) 283-3369; robf@ctnylaw.com

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**Inquiries regarding the subpoena may be directed to:**
        Susan R. Kaplan, Esq.
        The Kaplan Law Office
        30 Wall Street, 18th Floor
        New York, NY 10005
        Tel: (347) 683-2505
        Email: skaplan@lawkaplan.com

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*

                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
### To Subpoena *Duces Te*cum

**I. DEFINITIONS:**

The following definitions apply to the documents requested by this subpoena:

A.  "You" or "your" means ██████████

B.  "Plaintiff" means John Doe, from the above-captioned action.

C.  "Document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations and incorporates "correspondence" as defined below.  A draft or non-identical copy is a separate document within the meaning of this term.

D.  "Correspondence" means any letter, memorandum, note, e-mail message (on personal and Yale networks), instant message, or written, electronic, computer generated or other document concerning a communication.

E.  "Concerning" means in connection with, relating to, referring to, describing, evidencing and/or constituting.

F.  "Person" means any natural person or any business, legal or governmental entity or association.

G.  "Possession," "custody" or "control" includes constructive possession such that a person or entity need not have actual physical possession.  The person or entity has possession, custody or control as long as the person or entity has a superior right to compel the production from a third party (including an agency, authority or representative).

[continued on next page]

H.  "All/Each."  The terms "all" and "each" mean all and each.  "And/Or."  The

connectives "and" and "or" mean either conjunctively or disjunctively as necessary

to bring within the scope of the discovery request all responses that otherwise might

be construed to be outside of its scope.

## II. DOCUMENTS REQUESTED:

1.  Any and all documents concerning or consisting of communications in your
possession, custody or control, including but not limited to correspondence through
text messages, instant messaging messages, e-mails and/or through any social
media platform (*e.g.*, Facebook, Instagram, Snapchat, etc.), between you and
████████████ concerning Plaintiff John Doe and/or your allegations against Mr.
Doe and/or the manner in which Yale University handled or addressed your
allegations, the investigation and/or the hearing process, from June 1, 2016 to the
present.

2.  Any and all documents concerning or consisting of communications in your
possession, custody or control, including but not limited to correspondence through
text messages, instant messaging messages, e-mails and/or through any social
media platform (*e.g.*, Facebook, Instagram, Snapchat, etc.), between you and any
person concerning Plaintiff John Doe and/or your allegations against Mr. Doe
and/or the manner in which Yale University handled or addressed your allegations,
the investigation and/or the hearing process, from June 1, 2016 to the present.

3.  Please provide an executed HIPAA Release Form for the release of your medical
records for any and all medical care providers whom you saw for treatment in
connection with sadness, stress, anxiety, weight loss, depression and/or any other
effects of having been exposed to Mr. Doe's alleged conduct.[1]

4.  Any and all documents in your possession, custody or control concerning or
consisting of any effort by any person to identify Plaintiff John Doe as having
engaged in sexual harassment, sexual assault or sexual misconduct of any kind or
that he is/was unsafe or dangerous in any way as indicated in any formal or
informal "whisper campaign," "whisper network", "black" list or otherwise.

---

[1]  A sample HIPAA Release Form is enclosed herewith for your convenience.

## Medical Records Release/Request Form

**Patient Authorization for Use or Disclosure of Protected Health Information:** As required by the Health Portability and Accountability Act of 1996 (HIPAA) and CT Law, a practice may not use or disclose identifiable health information without your authorization except as provided in our Notice of Privacy Practices. Your completion of this form means that you give permission for uses and disclosure described below. Review and complete this form entirely. You may wish to ask the person or entity you want to receive your information to complete those sections detailing the information to be released, and the purposes for the disclosure. Per DPH Regulation 192.14.43, if you are leaving the practice, we have the right to dispose of your records once copies have been transferred.

I hereby authorize this medical practice ✗ _____

                         (name)               (address)

to release health information on patient named below:

Patient Name (Print) ▮▮▮▮▮▮▮▮▮▮▮     Date of Birth ✗ _____

Other name eg; (maiden) _____     Telephone ✗ _____

Address ▮▮▮▮▮▮▮▮▮ City/ ▮▮▮▮▮▮▮▮▮

Date of Service Release _____   OR, the entire Medical Record ☒

**Reason for release (must be noted):** _LITIGATION_

**Send medical records to:** _Susan Kaplan PhD, Esq_  Address _30 Wall St, 8th Fl_

City _New York_  State _NY_  Zip _10005_  Phone (_347_) _683 2505_  Fax (_212_) _898 1231_

**DATE NEEDED BY:** _IMMEDIATELY_   Please note: We will do everything we can to accommodate urgent requests; if you have an appointment scheduled and need the records by that date, please tell us.

**RESTRICTIONS:** I understand the recipient of this information may not use or disclose this information except for the expressed purposes identified above; or such use or disclosure is specifically required or permitted by law.

I understand my medical record may include information relating to sexually transmitted disease; acquired immunodeficiency syndrome (AIDS); human immunodeficiency virus (HIV); behavioral/mental health services; and/or treatment for alcohol and/or drug abuse. I request the following exclusions as indicated by my initials:

**EXCLUSION(S):** Alcohol/Drug ✗ , Behavior/Mental Health/Psychiatric _____ , Sexually Transmitted Disease ✗ ,

HIV/AIDS ✗ , Other ✗ ; specify other exclusion _Seeking Behavior/Mental Health/Psychiatric ONLY_

I understand I have the right to request that services I have paid out-of-pocket, not be disclosed to my health plan.

This authorization is effective _March 5, 2018_   through _Dec. 31, 2018_  (dates must be specified).

✗ Signature: _____  Print Name: _____  Date: _____

If this form is completed by someone other than patient, please print name, address, and initial below to indicate relationship.

Name: _____  Address: _____

Guardian: _____ Conservator: _____ Parent: _____ Patient's Representative: _____

I understand that I have the right to receive a copy of this authorization.

**Refusal to Sign Authorization:** I understand that:
- By declining to sign this form my medical (health care) treatment and insurance benefits will not be affected, however, my medical records CANNOT be released.
- I may revoke this authorization at any time by notifying this medical practice in writing as described in the Notice of Privacy Practices. My revocation will not affect actions taken prior to its receipt.
- If the recipient of my information is not a health care provider/health plan covered by HIPAA, the information may be re-disclosed by the recipient and no longer is protected by HIPAA. However, other State or Federal laws may prohibit recipient from disclosing specially protected information, such as abuse treatment information, HIV/AIDS-related information or psychiatric/mental health information. As referenced in section 20c (b), CT Statutes, physicians may charge $.65 per page to copy medical records, plus any conveyance fees the office is required to pay. Fees are payable in advance, by cash or credit card.

Approved 6/09; Revised 11/11

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).