UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, : | |
| : | CIVIL ACTION NO. |
| : | 3:18-CV-00110-JCH |
| Plaintiff, : | |
| -against- : | |
| YALE UNIVERSITY and : | |
| UNIVERSITY BOARD OF TRUSTEES, : | |
| Defendants. : | March 24, 2018 |

**MOTION TO MODIFY THE SCHEDULING ORDER**
**REGARDING CASE MANAGEMENT PLAN**

Plaintiff, by his undersigned counsel, respectfully moves to modify the Scheduling Order Regarding Case Management Plan dated February 5, 2018 (the "Scheduling Order") pursuant to Fed. R. Civ. P. 16(b)(4) and D. Conn. L. Civ. R. 7(b) for good cause as the schedule cannot be reasonably met despite Plaintiff's diligence. *See Protegrity Corp. v. Voltage Sec., Inc.,* No. 3:10-cv-755-RNC, 2013 U.S. Dist. LEXIS 181516, at *6 (D. Conn. Dec. 31, 2013). Plaintiff is also seeking expedited review of this motion in compliance with the Court's individual chamber's rules. In accordance with D. Conn. L. Civ. R. 7(b)(3), Attorney Kaplan has inquired of Defendants' counsel, Attorney Noonan, about whether Defendants will consent to extension of the Scheduling Order as requested herein and Attorney Noonan has responded that Defendants do not consent. This is Plaintiff's first motion for extension of the Scheduling Order.[1]

---

[1] In further support of this Motion, Plaintiff submits the Declaration of attorney Susan Kaplan, filed contemporaneously herewith.

1

## PROCEDURAL HISTORY AND STATUS OF THE CASE

Plaintiff filed his Complaint commencing this case on January 18, 2018. On or about February 1, 2018, the parties participated in a pre-trial conference during which certain deadlines concerning discovery and trial were set. In summary, as memorialized in the Courtroom Minutes (Doc. 47) (the "Minutes"), the parties' requests for documents were to be served no later than February 7, 2018; paper discovery was to be completed by March 26, 2018; fact depositions to be completed by April 25, 2018; and Jury selection to begin July 25, 2018.

The parties served their documents requests on February 7. On February 16, Plaintiff's counsel moved to withdraw and substitute counsel (Doc. 54), which the Court granted on February 21 (Doc. 55) and Plaintiff's present counsel, Attorney Kaplan, was admitted *pro hac vice* on February 2nd (Doc. 57).

Upon admission into this case, Attorney Kaplan communicated with counsel for Defendants, Attorney Patrick M. Noonan, who immediately asked Attorney Kaplan whether Plaintiff would be interested in modifying the Scheduling Order so as to extend the discovery schedule. Regardless, on or about March 9, as set forth in the Minutes, the parties served their respective written objections to the document requests, though Plaintiff, who had not been counseled regarding the requests made of him until after Attorney Kaplan's admission, began but had not completed compiling his production by that time.

As for Defendants, their objections were merely stated as "pending" and were otherwise unspecified or explained in response to approximately 25% of Plaintiff's document requests. In addition, none of Defendants' responses identified any specific Bates numbered documents as responsive to any particular request, though Defendants at least bundled the documents in connection with a particular witness. However these witnesses were identified as a source of

documents in approximately thirteen different requests. Between March 9 and the date hereof, Defendant has produced nearly 4,000 pages of documents that may be applicable to any number of Plaintiff's 51 document requests. Plaintiff has further been advised by Defendants' counsel that at least another 1,500 to 2,000 pages will be produced on or about March 26.

In the meantime, the parties also scheduled depositions. Defendants will depose Plaintiff on March 29, and Plaintiff has scheduled eight (8) witnesses to be deposed between April 2 and April 25. To this extent, the parties have been diligent in their compliance with the Scheduling Order.

Under the current strict discovery schedule, Plaintiff also subpoenaed two third-party witnesses who were involved in the incidents underlying the facts of this case. On Friday, March 23rd, as this motion was being drafted, these witnesses each filed motions to quash the subpoenas (Doc. Nos. 62-65). These motions were filed in contravention of an informal agreement between Plaintiff's counsel and the witness' counsel to hold off filing such motions until Plaintiff could file the instant motion and the Court could issue a decision thereon, thereby potentially allowing counsel more time to work out their differences with respect to the subpoenas.

*Plaintiff's Good Cause*

Of the 4,000 pages Defendants have produced thus far, almost entirely are emails, many of which refer to attachments, or include internal (Yale) links to documents that were not produced with the emails. Whereas Plaintiff has sent Defendants a deficiency list identifying the missing documents, such list does not address all 4,000 documents thus far produced and there are still up to 2,000 more documents still to be produced. Even if Plaintiff were able to catalog and review all 6,000 pages of documents produced by April 2, when Plaintiff's

depositions are scheduled to begin, the heart of many of these documents—the attachments and links they refer to—will not likely even be in hand. It will also be impossible for Plaintiff's counsel to absorb the content of this mountain of documents in time to fully prepare Plaintiff for his deposition, which is currently scheduled to take place on March 29th.

But Plaintiff is not able to catalog and analyze all 6,000 pages of production by March 29th or by April 2nd. Despite great diligence (including the hiring of staff specifically to address this production), the task is overwhelming within this time frame. When Attorney Kaplan first spoke with Attorney Noonan after her admission on February 23, no documents had yet been produced. Attorney Noonan informed Attorney Kaplan that he and Plaintiff's prior counsel agreed that Defendants would not have to engage in ESI because of the magnitude of time and production such searches would yield. Indeed, Defendants incorporated the following statement in their reply to the majority of Plaintiff's document requests:

> **The defendants also object because production of documents outside of said context would require ESI. The parties have agreed that ESI will not be performed, which agreement was confirmed after the plaintiff served the Request for Production. In addition, it would be impossible for the defendants to engage in ESI and produce documents in the time allotted for discovery in this action. In order to even begin an electronic search for documents, the parties would first have to identify the document custodians and agree on a set of search terms and time parameters. The defendants would then collect the documents from each custodian for the specified time period and send them to RICOH, a document management company, for loading and application of search terms. For each custodian, RICOH requires two to three days to load the documents and apply the search terms. Defense counsel would then review the documents from each custodian on the RICOH platform to determine which were responsive and non-privileged. Once all of the documents for a certain custodian were reviewed, RICOH would prepare those documents for production to the plaintiff. RICOH requires two days for preparing the documents for production to the plaintiff. Defense counsel engaged in ESI in Montague v. Yale University, 3:16-CV-00885-AVC. Over a period of seven months, defense counsel reviewed over 47 gigabytes of electronic data divided into over 61,000 separate documents, and nearly 5,000 of those documents, totaling over 22,200 pages (not including documents produced natively), were found to be responsive and produced to plaintiff's counsel. This came from a search of the electronically stored information of 23 custodians. In this case, discovery is to be completed within forty-five days. ESI simply cannot be conducted in this action within the time allowed by the Court for discovery.**

Plaintiff does not fault Attorney Noonan for not disclosing in that initial conversation that regardless of not doing an ESI search, Defendants' would be producing nearly 25% of the ESI production in *Montague v. Yale.* Nor does Plaintiff doubt Defendants' assessment of the tasks required of them; certainly even Yale, despite its iconic resources, has its limits. But such limits are prejudicial to Plaintiff as he does not have access to document searches and production being accomplished in similar cases. Indeed, Attorney Kaplan is counsel to Plaintiff in *Doe v. Yale*, 16cv1380 (AWT), a case very similar to the present case; yet, ESI searches were conducted in that case. It is worth noting that despite Defendants' assessment of the production, the number of ESI-search documents produced in *Doe v. Yale*, 16cv1380 (AWT) have been less than the magnitude produced herein.

Be that as it may, the tasks currently facing Plaintiff—to catalogue, analyze, recover deficiencies that also have to be catalogued and reviewed for up to 6,000 documents at batches of around 2,000 pages rolling in every 5 days or so since March 9 with another batch still to be produced no earlier than March 26th—all in time for depositions that begin on March 29th, is also too much to ask within the time frame. As with Yale, Plaintiff's counsel too have their limits. It goes without saying that counsel for Plaintiff also has obligations and deadlines in other cases—depositions and completion of fact discovery by June 30 in *Doe v. Yale*, 16cv1380 (AWT) as well as multiple other matters including, among other things, a mediation scheduled before the depositions begin and an administrative hearing scheduled soon after, all of which require preparation. The current schedule is particularly daunting as Plaintiff's counsel is still getting up to speed with respect to the facts and circumstances of this case since she became Plaintiff's counsel just one month ago. A party is ordinarily and reasonably granted a thirty to sixty day stay of all proceedings when similarly joining a lawsuit midstream.

In addition to sacrificing the ESI search, the parties are limited in their ability to supplement discovery as issues arise from the documents produced and from the depositions. Defendants have informed Plaintiff's counsel that but for singular documents, they will not produce any more documents after March 26. Defendants too will be similarly prejudiced. If Plaintiff's deposition is to be held on March 29 as planned, Defendant will not be able to fully depose Plaintiff with regard to his emotional damages, as his first therapy session is scheduled post-deposition. Neither party can fully anticipate the lost opportunities for inquiry the current schedule is fostering.

As noted, Plaintiff has already been prejudiced, yet Defendants would not be prejudiced by a modification of the Scheduling Order extending time to complete discovery. As a trial has been scheduled in August, Attorney Noonan has pointed out to Plaintiff's counsel that certain Yale-based witnesses may have arranged their summer plans around the trial schedule. First, while this may be an inconvenience to the witnesses in question, it does not constitute prejudice to Yale University with respect to this litigation. Second, while we appreciate their accommodations, it is only March and in most cases plans for August can still be easily rearranged. Finally, these witnesses would likely rearrange their plans as would any other witness on standby in any litigation that, say, settled, prior to the scheduled trial.

The current Scheduling Order is unusually expedited because of the parties' initial concerns with respect to tangential issues; however, the underlying reasons for the tight schedule are no longer operative. This matter would be better served with the diligence of due care rather than haste.

*Proposed Schedule*

The need to extend discovery will affect this matter's entire schedule, and Plaintiff hesitates to suggest a schedule without consulting the Court and without Defendants' input. That said, Plaintiff offers as guidance the following schedule: the end of fact discovery and depositions on October 1, 2018; the end of supplementary discovery and expert witness disclosures and depositions on February 1, 2019 and evidence at trial to begin on July 1, 2019. Plaintiff further requests that the pending motions to quash subpoenas (Docket Nos. 62-65) be held in abeyance until at least 30 days after the Court issues its decision on this motion.

## CONCLUSION

Plaintiff substituted counsel just after discovery began in this action, and diligently complied with the Scheduling Order and Minutes. To the extent Yale complains that Plaintiff did not produce all of his documents on March 9, he has, like Defendants, produced most of his documents, which so far amount to less than 200 pages. In any event, Defendants have yet to fully submit their objections and none of their production has been identified as responsive to any one of Plaintiff's specific requests.

Plaintiff's counsel was substituted into this case about a month ago. In most cases, Plaintiff's counsel would ordinarily still be benefiting from another month or more extension to become acquainted with the case. Diving in has proven be more instructive. Despite Defendants' serious deficiencies that are interfering with compliance with the Scheduling Order, the greatest deficiency in this case is time. Plaintiff respectfully requests that the Scheduling Order be modified to align with a pace more appropriate to its complexity, the scope of discovery, and the number of witnesses.

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that the Court grant this motion, enter an order modifying the current Scheduling Order as requested above and enter such other and further relief as the Court deems just and proper.

Dated: March 24, 2018                                THE PLAINTIFF,

                                                                  By:   */s/ Susan Kaplan*
Susan Kaplan (*pro hac vice*)
The Kaplan Law Office
30 Wall Street, 8th Floor
New York, NY 10005
Telephone:  (347) 683-2505
E-mail:  skaplan@lawkaplan.com

- AND-

By:   */s/ Robert M. Fleischer*
Robert M. Fleischer (ct11960)
Fleischer Law LLC
12 Centennial Drive
Milford, CT 06461
Telephone:  (203) 283-3369
E-mail:  robf@ctnylaw.com

*Attorney for Plaintiff John Doe*

## CERTIFICATION OF SERVICE

Undersigned hereby certifies that a copy of the foregoing was filed electronically on March 24, 2018 via the Court's CM/ECF System. Notice of the filing will be sent by email to all parties by operation of the CM/ECF System or by mail to anyone unable to accept electronic filing. Parties may access the filing through the CM/ECF System. In addition, a copy of the foregoing along with a cover letter to the Court explaining the need for expedited review was served, on this 24th day of March, 2018, by email, upon the following:

**Patrick M. Noonan**
Donahue, Durham & Noonan
Concept Park
741 Boston Post Road
Guilford, CT 06437
Email: pnoonan@ddnctlaw.com
*Counsel for Defendants*

        */s/ Susan Kaplan*
Susan Kaplan (*pro hac vice*)
The Kaplan Law Office
30 Wall Street, 8th Floor
New York, NY 10005