UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>      **Plaintiff,**<br><br>      -against-<br><br>YALE UNIVERSITY and<br>UNIVERSITY BOARD OF TRUSTEES,<br><br>      **Defendants.** | :    CIVIL ACTION NO.<br>:    3:18-CV-00110-JCH<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    March 24, 2018 |

**DECLARATION IN SUPPORT OF ADMISSION**
**OF SUSAN R. KAPLAN PRO HAC VICE**

I, SUSAN R. KAPLAN, HEREBY DECLARE in support of Plaintiff's Motion to Modify the Scheduling Order under penalty of perjury that the following is true and correct:

1. I am a principal of the law firm, The Kaplan Law Office, and trial counsel to the law firm of Robert M. Fleischer and Fleisher Law LLC, attorneys for plaintiff, JOHN DOE, in the above-captioned action and am familiar with the facts and claims therein.

2. No other motion for an extension of time has been made by either party in this action.

3. Plaintiff seeks to modify the Scheduling Order Regarding Case Management Plan dated February 5, 2018 (the "Scheduling Order") as the schedule cannot be reasonably met despite Plaintiff's diligence.

4. Plaintiff is also seeking expedited review of this Motion in compliance with the Court's individual chamber's rules.

1

5. Plaintiff filed a Complaint on January 18, 2018.

6. On or about February 1, 2018, the parties participated in a Pre-trial Conference in which a highly accelerated discovery and trial schedule were set (Minutes, Doc. 47).

7. The Court filed its Scheduling Order on February 5, 2018.

8. As per the Scheduling Order, the parties' requests for documents were to be served no later than Feb. 7, and Plaintiff met this deadline.

9. On Feb. 16, Plaintiff's counsel moved to withdraw and substitute counsel (Doc. 54), which the Court granted on Feb. 21 (Doc. 55).

10. Plaintiff's present counsel, Attorney Kaplan, was admitted *pro hac vice* on Feb. 22 (Doc. 57).

11. Upon admission, Attorney Kaplan communicated with counsel for Defendants, Attorney Noonan, who immediately requested whether Plaintiff would be interested in trying to modify the Scheduling Order so as to extend the discovery schedule.

12. The parties' objections were to be served by March 9. Plaintiff met this deadline.

13. Defendants did not comply with this deadline as their objections were stated as "pending" and otherwise unspecified for approximately 25% of the requests. See EXHIBIT A attached hereto. Defendants' Responses and Objections to Plaintiff's First Request for Production of Documents, dated March 9, 2018.

14. Plaintiff produced his objections as well; however, Plaintiff, who had not been counseled regarding the requests made of him until after Attorney Kaplan's admission, began but had not completed his production by that time.

15. As of the date hereof, Defendants have produced nearly 4,000 pages of documents and Defendants' counsel has advised that another 1,500 to 2,000 pages will be produced on or about March 26.

16. Declarant has hired staff to address this production.

17. Defendants have not identified the requests to which any of the Bates-stamped documents are responsive. Between March 9 and the date hereof, Defendant has produced nearly 4,000 pages of documents that may be applicable to any number of Plaintiff's 51 requests.

18. Of the 4,000 pages Defendants have produced so far, almost all are emails, many of which refer to attachments, or include inter (Yale) links to documents that were not produced with the emails.

19. Whereas, Plaintiff has sent Defendants a deficiency list, such list does not address all 4,000 documents (approximately 1,000 of which were produced just last week) and there are still up to 2,000 documents still to be produced.

20. In the meantime, the parties also scheduled depositions. Defendants will depose Plaintiff on March 29th, and Plaintiff has scheduled eight (8) witnesses to be deposed between April 2nd and April 25th.

21. Even if Plaintiff were able to catalog and analyze all 6,000 pages produced by March 29th (Plaintiff's deposition) or by April 2nd, when Plaintiff's depositions are scheduled to begin, the heart of many of these documents—the attachments and links they refer to—will not likely even be in hand.

22. When Attorney Kaplan first spoke with Attorney Noonan after her admission on Feb. 23, no documents had yet to be produced. Attorney Noonan informed

Attorney Kaplan that he and Plaintiff's prior counsel agreed that Defendants would not have to engage in ESI because of the magnitude of time and production such searches would yield.  Indeed, Defendants incorporated the following statement in their reply to the majority of Plaintiff's document requests:

**The defendants also object because production of documents outside of said context would require ESI. The parties have agreed that ESI will not be performed, which agreement was confirmed after the plaintiff served the Request for Production. In addition, it would be impossible for the defendants to engage in ESI and produce documents in the time allotted for discovery in this action. In order to even begin an electronic search for documents, the parties would first have to identify the document custodians and agree on a set of search terms and time parameters. The defendants would then collect the documents from each custodian for the specified time period and send them to RICOH, a document management company, for loading and application of search terms. For each custodian, RICOH requires two to three days to load the documents and apply the search terms. Defense counsel would then review the documents from each custodian on the RICOH platform to determine which were responsive and non-privileged. Once all of the documents for a certain custodian were reviewed, RICOH would prepare those documents for production to the plaintiff. RICOH requires two days for preparing the documents for production to the plaintiff.**
**Defense counsel engaged in ESI in Montague v. Yale University, 3:16-CV-00885-AVC. Over a period of seven months, defense counsel reviewed over 47 gigabytes of electronic data divided into over 61,000 separate documents, and nearly 5,000 of those documents, totaling over 22,200 pages (not including documents produced natively), were found to be responsive and produced to plaintiff's counsel. This came from a search of the electronically stored information of 23 custodians. In this case, discovery is to be completed within forty-five days. ESI simply cannot be conducted in this action within the time allowed by the Court for discovery.**

23. Attorney Noonan did not disclose in that initial conversation that regardless of not doing an ESI search, Defendants' would still be producing up to 6000 documents, nearly 25% of the ESI production in *Montague v. Yale.*

4

24. That agreement to not request ESI searches is prejudicial to Plaintiff as he does not have access to document searches and production being accomplished in similar cases.

25. Indeed, Attorney Kaplan is counsel to Plaintiff in *Doe v. Yale*, 16cv1380 (AWT), a case very similar to the present case; yet, ESI searches were conducted in that case. It is worth noting that despite Defendants' assessment of the production, the number of documents produced in *Doe v. Yale*, 16cv1380 (AWT) have thus far been less than the magnitude produced herein.

26. The tasks currently facing Plaintiff—to catalogue, review, recover deficiencies that also have to be catalogued and analyzed for up to 6,000 documents at batches of around 2,000 pages rolling in every 5 days or so since March 9th with another batch being produced no earlier than March 26th—all in time for depositions that begin on March 29th, is, like Defendants' ESI searches, also too much to ask within the time frame.

27. Further, counsel for Plaintiff also has obligations and deadlines in other cases—depositions and completion of fact discovery by June 30th in *Doe v. Yale*, 16cv1380 (AWT) as well as multiple other matters including, among other things, a full day mediation and administrative hearing scheduled before and during the depositions.

28. In addition, Defendants have informed Plaintiff's counsel that but for singular documents, they will not produce any more documents after March 26th.

29. Defendants' limitations are prejudicial to everyone. For example, if Plaintiff's deposition is to be held on March 29th as planned, Defendant will not be able to

fully depose Plaintiff with regard to his emotional damages, as his first therapy session is scheduled post-deposition. Neither party can fully anticipate the lost opportunities for inquiry the current schedule is fostering.

30. Yet, Attorney Noonan claims prejudice if the Scheduling Order is modified and has asserted that certain Yale-based witnesses may have arranged their summer around the trial schedule.

31. Upon information and belief, the current Scheduling Order is unusually expedited because of the parties' initial concerns with respect to tangential issues. Those reasons are no longer operative. As the underlying reasons for the tight schedule memorialized in the Scheduling Order and Minutes are no longer operative, this matter would be better served with the diligence of due care rather than haste.

32. Under the current schedule, Plaintiff also subpoenaed two third-party witnesses who were involved in the incidents underlying the facts of this case.

33. These witnesses each filed motions to quash the subpoenas on Friday, March 23rd, as this motion was being drafted. These motions were filed in contravention of an informal agreement between Plaintiff's counsel and the witness' counsel to hold off on filing such a motion until Plaintiff could file the instant motion and the Court could issue a decision thereon, thereby potentially allowing counsel more time to work out their differences with respect to the subpoenas.

34. Plaintiff recommends a schedule that extends discovery to October 1, 2018; the end of supplementary discovery and expert witness disclosures and depositions on February 1, 2019 and evidence at trial to begin on July 1, 2019.

35. Plaintiff further requests that the pending motions to quash subpoenas (Docket Nos. 62, 63, 64 and 65) be held in abeyance until at least 30 days after the Court issues its decision on this motion.

36. Plaintiff substituted counsel just after discovery began in this action, and diligently complied to the Scheduling Order and Minutes without previously requesting an extension. Despite Defendants' deficiencies that are interfering with compliance with the Scheduling Order, the greatest deficiency in this case is time. Plaintiff respectfully requests that the Scheduling Order be modified to align with a pace more appropriate to its complexity, scope of discovery, and number of witnesses.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on March 24, 2018.

                          /s/ Susan R. Kaplan
                        SUSAN R. KAPLAN