**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| | : | |
| JOHN DOE | : | CIVIL ACTION NO. |
| | : | 3:18-cv-00110-JCH |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY AND YALE UNIVERSITY | : | |
| BOARD OF TRUSTEES | : | |
| | : | |
| DEFENDANTS | : | MARCH 27, 2018 |
| | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN**

I.    **Factual Background**

The defendants oppose the plaintiff's Motion to Modify the Scheduling Order in this matter.  On February 2, 2018, the Court entered the scheduling order, acknowledging that the time frame was extraordinarily tight.  The Court directed the parties to complete production of documents by March 26, 2018 and to complete all fact depositions by April 25, 2018.  The Court acknowledged that this would be a difficult task, but entered the order so that the case would be tried at a time that would permit the plaintiff to obtain a hearing on his claims prior to the start of the fall, 2018 semester.  Thus, the schedule was established to benefit both parties. The plaintiff would get a ruling on his case in time to be possibly reinstated for the fall semester

**DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK  •  741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168  •  FAX:  (203) 458-4424
JURIS NO. 415438

of 2018, thereby enabling him to graduate with his class.[1]   The benefit to Yale is that the plaintiff's damages will be lessened in the event that he prevails and the trial is held in time for him to enroll in courses for the fall, 2018 semester.

As detailed in the accompanying affidavit, in reliance on the arrangement described above, the defendants have put in hundreds of hours in order to comply with the Court's order. The defendants complied by responding to the plaintiff's interrogatories, as well as producing the documents requested through plaintiff's production requests, with the exception of those to which objection has been timely taken.   The defendants, through their in house counsel, trial counsel, IT department, Title IX office, UWC office, Dean's office, and twenty-three individuals employed in various capacities at Yale University spent literally hundreds of hours answering interrogatories and compiling the documents responsive to the plaintiff's Request for Production.   The defendants, consistent with the Court's Order, made "rolling" production on a continual basis since the time their responses and objections to the plaintiff's discovery requests were filed.   The final production was mailed via FedEx to plaintiff's counsel on March 23, 2018, prior to the March 26, 2018 deadline established by the Court.

Additionally, and again in compliance with the Court's order, the defendants arranged for the depositions of eight witnesses requested by the plaintiff for deposition, all of whom have now been scheduled during the period April 2, 2018 to April 25, 2018, which is the time period allotted by the Court's order.   The deposition schedule was done with the cooperation of counsel for both parties, with Attorney Kaplan agreeing to the dates of all witnesses.  Consistent

---

[1] The plaintiff is not in school during the current semester.  He is taking courses elsewhere which he will apply towards his Yale degree.

2

with the Court's instructions, the deposition of the plaintiff was scheduled first, and is currently scheduled to be held on March 29, 2018.  Despite that fact, Attorney Kaplan telephoned the undersigned during the afternoon of March 26, 2018 to inform him that she did not intend to bring her client to the scheduled deposition on March 29, 2018.  She stated that she was unwilling to have his deposition as scheduled, since the Court had scheduled a telephone conference at 1:30 that afternoon.  The undersigned responded that since the deposition was to start at 10:00 a.m., the deposition could begin as planned,  with a break taken to engage in the conference with the Court, and then the parties would be guided by the Court's ruling on the pending motion as to whether to suspend the deposition or not.  Attorney Kaplan responded that engaging in that procedure would be "a waste of time" because "we all know how Judge Hall will rule."  Defense counsel responded that the parties did not know how Judge Hall would rule, and suggested proceeding with the deposition as planned.  At that point, Attorney Kaplan responded that she did not have sufficient time to prepare her client for the deposition in light of the fact that she was still reviewing the documents which had been produced and because she has a mediation scheduled for Good Friday, March 30, 2018. Defense counsel reiterated his preference to commence the deposition as scheduled, and Attorney Kaplan responded:  "We are not coming."

Now, after all of the work has been done,  the plaintiff has filed a Motion to Revise the Scheduling Order, asking that the entire schedule be redone and that the plaintiff be allowed to expand the scope of discovery to include ESI discovery.  The plaintiff's initial counsel had already agreed with defense counsel that, in light of the expedited schedule, there would be no ability to conduct ESI discovery.  As a result, the discovery was done in the traditional fashion.

There can be no claim that the defendants have shortchanged the plaintiff in terms of the production of documents; indeed, this plaintiff's counsel's complaint is that there are too many documents for her to read.

Plaintiff's counsel appears to be suggesting that she has been disadvantaged because she was not the original counsel representing the plaintiff, and perhaps she would not have agreed to the schedule which was established.  The short answer to this claim is that she knew in advance of accepting this case of the scheduling order that had already been implemented.

Within a day of the filing of her appearance on February 22, 2018, Attorney Kaplan telephoned defense counsel and lamented the schedule, suggesting that it was unduly quick, and inquired as to whether the defendants might be interested in altering it.  She noted that she had not discussed this subject with her client.  Defense counsel responded that he understood that the plaintiff would not be willing to consider any revision, because the schedule had been set in order to permit the trial to be held in sufficient time to allow the plaintiff to enroll in class at Yale for the fall semester of 2018, in the event that he were to prevail in this matter.  Defense counsel also informed Attorney Kaplan that the defendants had already begun assembling their documents and that it would be an enormous undertaking. He therefore told Attorney Kaplan that if there were any chance of obtaining the defendants' agreement on a revised schedule, she would need to make a proposal immediately.

The next time Attorney Kaplan raised the subject of any change to the scheduling order was late in the afternoon on March 22, 2018, when Attorney Kaplan called defense counsel as he was about to board a plane to return to Connecticut following out-of-state depositions.  At that point, she suggested that although she still did not have the consent of

her client, and was unable to provide any particulars, she believed that her client would now be interested in suggesting a change to the scheduling order. Defense counsel responded that it was very late to be doing that, given that the defendants' compliance was virtually done. Defense counsel also stated that it was likely that the defendants would not agree to reopen discovery as to additional interrogatories and requests for production, or to permit ESI discovery, in light of the fact that hundreds of hours had already been expended in responding to the plaintiff's discovery requests, consistent with the agreement of counsel and the Court's order. Nevertheless, defense counsel agreed to discuss the matter with his clients and to get back to Attorney Kaplan. The next morning, defense counsel, after consultation with his clients, informed Attorney Kaplan by email that the defendants would not agree to alter the scheduling order. That same day, the last of the document production by the defendants was sent by Federal Express to plaintiff's counsel, in order to comply with the Court's order that document production be completed by March 26, 2018.

## II.   <u>Argument</u>

The day after she entered her appearance on February 22, 2018, Attorney Kaplan called defense counsel and indicated that she would prefer a deviation from the scheduling order which had been entered by the Court. Contrary to Attorney Kaplan's assertion, defense counsel <u>did not</u> agree that the scheduling order should be changed. In fact, defense counsel informed Attorney Kaplan, who had indicated that she had not yet discussed her proposal to request an amendment to the scheduling order with her client, that it seemed unlikely that her client would agree to a postponement since the expedited schedule was entered in this case to permit him to

be returned to classes for the fall semester of 2018 and graduate with his class if he were successful in this lawsuit.

Altering the scheduling order in the manner suggested by the plaintiff -- after the defendants have expended literally hundreds of hours complying with the plaintiff's interrogatories and production requests, and after all depositions have been scheduled -- would be grossly unfair to the defendants.  It is apparent that the real reason behind the plaintiff's request to change the schedule is that plaintiff's counsel wishes to embark upon new, and more expansive, discovery.  On March 5, 2018, Attorney Kaplan filed new discovery requests, in violation of the Court's scheduling order, which called for all written discovery requests to be filed by February 7, 2018.  Contrary to the agreement which had been reached with plaintiff's first counsel, Attorney Kaplan's new request for production of documents was designed to require defendants to embark upon a lengthy and expensive ESI documents search.  The second set of requests for production encompassed 24 separate categories of documents, in addition to those which had already been requested and which the defendants had been assembling for the previous month.  If Attorney Kaplan had felt that it was important to embark upon new discovery at that time, she should have filed her Motion to Revise the Scheduling Order immediately upon being engaged, rather than waiting until the defendants had compiled all of the documents on an expedited basis, five weeks after the plaintiff filed his Motion for Leave to Withdraw and Substitute Counsel.[2]

---

[2] That Motion was filed with the Court on February 16, 2018 and indicated that the plaintiff would be represented by Attorney Robert Fleischer.  Thereafter, both Attorney Fleischer and Attorney Kaplan filed their appearances.  The Court's scheduling order was available on the public docket prior to new counsel appearing. Attorney Kaplan was aware of the scheduling order the very first time she spoke with defense counsel in this matter on February 23, 2018.

Attorney Kaplan suggests that the discovery schedule should be altered because she has other cases pending which require her attention, including a case entitled <u>Doe vs. Yale</u>, 16-CV-1380 (AWT).  Attorney Kaplan claims that she is unable to review the documents which have been produced in the present case because of her schedule in the latter case.  Tellingly, Attorney Kaplan has already postponed depositions in the case assigned to Judge Thompson, citing the depositions which have been scheduled in the present case.  Specifically, on March 14, 2018 Attorney Kaplan telephoned counsel for Yale in the case assigned to Judge Thompson and requested that the plaintiff's deposition in that case be scheduled in May, because she would be busy with depositions in the present case during the month of April.  As a result, counsel for Yale in that case agreed to conduct the plaintiff's deposition in May.  It appears that Attorney Kaplan is using each case as an excuse to put off work in the other.

There are two responses to Attorney Kaplan's suggestion that she should be allowed a new discovery schedule because of the press of other business.  First, she knew when she entered her appearance in this case of the discovery schedule which had been entered by the Court, as evidenced by the fact that her first telephone call to the undersigned was to suggest that she might be requesting an alteration of the discovery schedule.  Second, there is no reason why Attorney Kaplan cannot postpone other matters, rather than the present one.  In that regard, Yale University would have no objection to a reasonable motion to extend the scheduling order in the case which has been assigned to Judge Thompson if that will be of assistance to Attorney Kaplan.

Contrary to the plaintiff's representation in the present motion, the defendants have in fact diligently complied with the plaintiff's discovery requests in this case.  The plaintiff first

claims that the defendants' objections are deficient because they "were stated as 'pending' and were otherwise unspecified or explained in response to approximately 25% of Plaintiff's document requests." (Pl.'s Mot. at p. 2.) As demonstrated in Exhibit A to Attorney Kaplan's declaration, the defendants clearly and fully stated their objections to the plaintiff's First Request for Production of Documents. The defendants set forth the stipulation regarding compliance with discovery requests entered into between the parties, their general objections, and their objections to the definitions and instructions. The defendants then stated the specific objections to each request for production, immediately followed by the answer to each request for production. It is the answers, not the objections to the requests for production, which state "objections pending." In those answers, after noting the pending objections, the defendants identify the types of documents which they will produce despite their objections to the request for production. The defendants stand on their objections to Request for Production ## 28, 30-36, 41, 48, and 49. Consequently, the answers to those requests for production simply state: "Objections Pending." The defendants have a right pursuant to Rule 34(2)(C) of the Federal Rules of Civil Procedure to object to the plaintiff's requests for production. Since the defendants' objections have not been presented to the Court for any rulings, the objections are "pending," as stated in the defendants' responses. There is nothing deficient in the defendants objecting to the plaintiff's requests for production or noting the pending objections in the answers to the requests for production.

The plaintiff also complains that the defendants' responses did not identify the specific documents which were responsive to each of the plaintiff's 51 requests for production. (Pl.'s Mot. at p. 2-3.) As a practical matter, the defendants could not do so on March 9, 2018, when

the objections and answers were provided to the plaintiff, because the majority of the documents had not yet been reviewed.  Moreover, it is impractical to expect the defendants to categorize the production among 51 requests for production in the 45 day time period provided for reviewing and producing the documents, especially when most of the documents are responsive to multiple requests for production.  The plaintiff requires the <u>information</u> to prosecute his case, not a categorization of the information.  Designating the specific request for production is simply not as important as providing the documents to the plaintiff.

Despite the parties' agreement that ESI would not be conducted, Attorney Kaplan now argues that the plaintiff is prejudiced by this agreement and the Court's order because "he does not have access to document searches and production being accomplished in similar cases." (Pl.'s Mot. at p. 5.)  If the defendants are required to conduct ESI discovery at this point, the discovery process would have to be completely restarted, with the defendants' efforts over the past six weeks, and the expenditure of tens of thousands of dollars, wasted.  The parties would need to confer and agree on a time period for the document search and a list of search terms to be applied to the data collected from each custodian.  The data from the individual computers of each of the 23 custodians would then have to be collected by Yale's IT department.  This step, in and of itself, will take a substantial amount of time.  The reason is that not all information from a particular custodian is contained on the Yale University servers.  Therefore, Yale's IT personnel must go to each of the workplaces of the 23 custodians and physically copy the data from their computers.  Since the custodians' offices are spread throughout the campus, this process will take a substantial period of time.  Thereafter, the information collected would have to be sent to RICOH, a document management company, for loading and application of search

terms.  Defense counsel would then review the documents from each custodian on the RICOH platform to determine which were responsive and non-privileged, and then make any necessary redactions.  Once the documents for a certain custodian were reviewed and redacted, RICOH would thereafter prepare the documents for production to the plaintiff.  Conducting an ESI review at this point would produce duplicates of all of the documents already provided to the plaintiff, which total 7,375 pages, plus thousands of pages of irrelevant documents.  Such a duplicative effort would yield a very small number of responsive new documents that have not already been produced.  From past experience, virtually none of the additional responsive documents would in fact have any relevance.  However, it would involve hundreds of man hours to review the relevant documents a second time and the myriad irrelevant documents.  In Montague v. Yale University, 3:16-CV-00885-AVC, the defendant reviewed over 61,000 documents (not just pages), and less than 5,000, about eight percent, were responsive.  If the Court is inclined to permit the plaintiff to require the defendants to conduct ESI discovery despite the parties' agreement, then, at the very least, the ESI search should only be conducted for new custodians, whose documents have not already been provided to the plaintiff.

The plaintiff asserts that the defendants failed to provide certain e-mail attachments or "internal (Yale) links to documents."  Rather than provide the plaintiff with multiple copies of the same document, which would have been the result if the defendant provided the attachments to each e-mail, the defendant provided the documents from the UWC Shared Drive for the two complaints brought against the plaintiff.  All of the attachments listed in plaintiff's March 21,

2018 letter which exist have been provided to the plaintiff.[3]   Thus, plaintiff's counsel has "in hand" copies of all of the "attachments" requested in her March 21, 2018 letter which are in the possession or control of the defendants.

The plaintiff's present motion argues that the scheduling order was "unusually expedited because of the parties' initial concerns with respect to tangential issues." (Pl.'s Mot. at p. 6.)   Nothing could be further from the truth.   The scheduling order was expedited so that the plaintiff could be in a position to graduate with his class if he prevails in this action.   The defendants have spent the past six weeks doing everything in their power to accommodate that goal.   This included the production of documents in a timely way as well as the scheduling of nine depositions (including the deposition of the plaintiff) during the time frame contemplated by the Court's order and literally hundreds of hours of work on the part of defendants' lawyers and employees.   The defendants' witnesses all have responsibilities which go beyond sitting through a deposition, and they have set aside the time for their depositions commencing April 2, 2018 through April 25, 2018.

In addition, and consistent with the Court's instructions, the plaintiff's deposition was scheduled first, and is scheduled to go forward on March 29, 2018.   Significantly, Attorney Kaplan engaged in the scheduling of all of these depositions, never suggesting that she intended to file the present motion.   Furthermore, the defendants' witnesses have set aside time in August (when they normally would be on vacation or attending to other responsibilities) to participate

---

[3] It should be noted that plaintiff's counsel's March 21, 2018 letter was premature, in that plaintiff's counsel was aware that the defendants were still in the process of producing documents on a rolling basis as contemplated by the Court's order.   The due date set by the Court was March 26, 2018, and defendants complied in a timely way.

in the trial.  It would be difficult to imagine an outcome that would be more unfair than to change the scheduling order now.

The defendants would also be prejudiced in two other ways by the proposal to delay the trial until the summer of 2019.  First, this will mean that the plaintiff will not be able to graduate with his class if he prevails in this action, which will increase the damage exposure to the defendants.  Second, conducting a trial in the summer of 2019 will make it impossible for defendants to bring key witnesses to the trial.  In this regard, much of this case centers around a bus trip on which approximately 20 Yale students were passengers.  They are witnesses to the plaintiff's conduct.  Postponing the case until the summer of 2019 will mean that most of them will have graduated and left New Haven.  Thus, the defendants will be unable to secure the testimony of key witnesses at trial.[4]

III.    <u>Conclusion</u>

For the reasons stated, the defendants oppose the plaintiff's request to deviate from the scheduling order already entered by the Court.  If Attorney Kaplan wished to seek an amendment to the scheduling order, it should have been done six weeks ago when she agreed to represent the plaintiff.  Now that the defendants have answered all interrogatories, produced all of their documents and have made arrangements to have depositions of all of the witnesses, there is simply no basis for changing the Court's order.  In light of Attorney Kaplan's unilateral pronouncement that conducting the deposition of her client on March 29, 2018 "would be a waste of time" in that "we all know what Judge Hall will order," the defendants request that the

---

[4] Conducting a trial during the school year will also be disadvantageous to the students and to the Yale employees who will have to rearrange class schedules and the like in order to attend the trial.

plaintiff be ordered to appear for a deposition on April 2, and that the depositions of defense witnesses, which had been scheduled for that date, be rescheduled to a later date that is convenient for them and for both counsel.[5]

   In the event that the Court is inclined to deviate from the current scheduling order, the defendants request the opportunity to propose a schedule that is consistent with the normal schedule in this District, rather than one which plaintiff's counsel seeks to unilaterally impose in this matter.  By way of example only, the defendants note that even though this case was filed after the case which has been assigned to Judge Thompson, the plaintiff's proposed schedule seeks to have this case tried five months before the case which has been assigned to Judge Thompson.  The plaintiff offers no rationale as to why, if the scheduling order is rewritten, this case should be given priority.  Accordingly, the plaintiff's Motion to Modify the Scheduling Order Regarding Case Management Plan should be denied.

                                        **THE DEFENDANTS,**
                                        **YALE UNIVERSITY and YALE**
                                        **UNIVERSITY BOARD OF TRUSTEES**

                           By:_____/s/ct00189_____
                                        PATRICK M. NOONAN – CT00189
                                        DONAHUE, DURHAM & NOONAN, P.C.
                                        Concept Park
                                        741 Boston Post Road, Suite 306
                                        Guilford, CT  06437
                                        Telephone:    (203) 458-9168
                                        Fax:            (203) 458-4424
                                        Email:  pnoonan@ddnctlaw.com

---

[5] It should be noted that the March 29, 2018 date was selected by Attorney Kaplan, and the deposition was noticed on March 7, 2018.  The first suggestion that Attorney Kaplan was refusing to bring her client for that deposition was a telephone call on the afternoon of March 26, 2018.

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


_____/s/_____
Patrick M. Noonan