UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE | CIVIL ACTION NO. 3:18-cv-00110-JCH |
| PLAINTIFF | |
| v. | |
| YALE UNIVERSITY AND YALE UNIVERSITY BOARD OF TRUSTEES | |
| DEFENDANTS | |
| | MARCH 27, 2018 |

**AFFIDAVIT OF PATRICK M. NOONAN IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN**

1. I am an attorney admitted to practice in this Court and I represent the defendants in this action. I make this affidavit in opposition to the plaintiff's Motion to Modify the Scheduling Order Regarding Case Management Plan.

2. On February 2, 2018, this Court entered a scheduling order, the day after a Court conference attended by counsel for parties on both sides. Counsel for the plaintiff and the defendants acknowledged that it was an expedited scheduling order, and had already agreed to forego ESI discovery, recognizing that the schedule would not permit it.

3. Prior to the conference with the Court on February 1, 2018, counsel for the defendants agreed with counsel for the plaintiff that the defendants would immediately begin to collect documents from Yale employees and agents who had any involvement in the UWC proceeding at issue through traditional discovery means, rather than through the more time-

consuming ESI process. That effort was undertaken immediately and responsive documents were obtained from a total of 23 individuals. They were then reviewed, redacted as necessary, and produced to plaintiff's counsel. As ordered by the Court, the production was made on a "rolling" basis.

4. The plaintiff and defendants both served discovery requests on February 7, 2018, consistent with the Court's order. The Court's order does not contemplate filing additional discovery requests after February 7, 2018.

5. On February 16, 2018, before any discovery responses had been exchanged by either party, the plaintiff filed a Motion to Withdraw and Substitute Counsel. Attorney Kaplan then filed her appearance on February 22, 2018.

6. Within a day of Attorney Kaplan filing her appearance, she telephoned me to suggest that the current scheduling order was unduly quick, and to inquire whether the defendants might be interested in altering it. She noted that she had not discussed this subject with her client. I responded that it was my understanding that the plaintiff was not willing to consider any revision of the scheduling order, because the schedule had been set in order to permit the trial to be held in sufficient time to allow the plaintiff to enroll in class at Yale for the fall semester of 2018, in the event that he were to prevail in this matter. I also informed Attorney Kaplan that the defendants had already begun assembling their documents and that it would be an enormous undertaking. I therefore told her that if there were any chance of obtaining the defendants' agreement on a revised schedule, she would need to make a proposal immediately.

7. The next time Attorney Kaplan raised the subject of any change to the scheduling order was late in the afternoon on March 22, 2018. She telephoned me as I was about to board a plane to return to Connecticut following out-of-state depositions. At that point, she suggested that although she did not have the consent of her client, and was unable to provide any particulars, she believed that her client would now be interested in suggesting a change to the scheduling order. I responded that it was very late to be doing that, given that the defendants' compliance was virtually done. I also told Attorney Kaplan that it was not likely that the defendants would agree to reopen discovery as to additional interrogatories and requests for production, or to permit ESI discovery, in light of the fact that hundreds of hours had already been expended in responding to the plaintiff's discovery requests, consistent with the agreement of the parties to forego ESI discovery and the Court's order. Nevertheless, I agreed to discuss the matter with my clients and to get back to Attorney Kaplan.

8. On the morning of March 23, 2018, having consulted with my clients, I informed Attorney Kaplan by e-mail that the defendants would not agree to alter the scheduling order. That same day, the last of the document production from the defendants was sent by Federal Express to plaintiff's counsel, in compliance with the Court's order that document production be completed by March 26, 2018.

9. During the period from my initial conversation with Attorney Kaplan on or about February 23, 2018 to March 23, 2018, the defendants provided the plaintiff with approximately 7,300 pages of documents in "rolling" fashion, such that every four or five days another installment of documents was provided. During that same time frame, Attorney Kaplan participated in setting up a schedule of dates for the depositions of the plaintiff and

3

the defense witnesses whom she stated she wished to depose. At no time while engaging in these activities did Attorney Kaplan suggest that she was contemplating a request for a change in the scheduling order.

10. The response which defendants have made to the plaintiff's discovery requests has consumed literally hundreds of hours. The response included efforts by members of my law firm, lawyers and staff within Yale's Office of the General Counsel, employees of Yale's IT department, Yale University administrators, and a total of 23 different individuals from whom documents were obtained.

11. If the plaintiff's request for reopening discovery is allowed and if the plaintiff is now permitted to serve new interrogatories and requests for production, including conducting ESI discovery, the hundreds of hours, and tens of thousands of dollars which those hours represent, will have been wasted. The reason is that the discovery to date was not done through a central Yale University server, nor can it be done that way. In order to conduct a proper ESI search, employees of Yale's IT department must go to each individual custodian, secure his or her computer, copy the contents of the computer, send it to an outside firm which engages in document management services, and then the documents must be reviewed by attorneys in my firm for responsiveness, privilege, relevance and possible redaction. That process will certainly produce again all of the approximately 7,300 pages of documents which have already been produced. It is likely, based on past experience, that that process will require the reading of many thousands of additional pages of documents, but is unlikely to produce additional documents which have any actual relevance to this matter.

12. Yale University's interests in this matter will be adversely affected in three ways if the plaintiff's proposal to revise the scheduling order is granted. First, the defendants

4

will have engaged in six weeks of intensive work at a cost of tens of thousands of dollars for no reason. Second, the plaintiff's proposed schedule will ensure that the plaintiff, should he prevail, will not be allowed to return to class for the fall semester of 2018, which is contemplated by the current scheduling order. This will increase damages to the plaintiff, which in turn will increase the damage potential to the defendants. Third, conducting a trial in the summer of 2019 will make it impossible for defendants to bring key witnesses to trial. In this regard, much of this case centers around a bus trip on which approximately 20 Yale students were passengers. They are witnesses to the plaintiff's conduct. Postponing the case until the summer of 2019 will mean that most of them will have graduated and left New Haven.

13. Although the parties had agreed as of March 7, 2018 (when a Notice of Deposition was issued) to conduct the deposition of the plaintiff on March 29, 2018, Attorney Kaplan telephoned me during the afternoon of March 26, 2018 to inform me that she did not intend to bring her client to the scheduled deposition on March 29, 2018. She stated that she was unwilling to produce him for his deposition as scheduled, since the Court had scheduled a telephone conference at 1:30 that afternoon. I responded that since the deposition was to start at 10:00 a.m., we could begin the deposition as planned, take a break to engage in the conference with the Court, and then would be guided by the Court's ruling on the pending motion as to whether to suspend the deposition at that point. Attorney Kaplan responded that engaging in that procedure would be "a waste of time" because "we all know how Judge Hall will rule." I responded that we did not know how Judge Hall would rule, and suggested that we proceed with the deposition as planned. At that point, Attorney Kaplan responded that she did not have sufficient time to prepare her client for the deposition in light of the fact that she was still reviewing the documents which had been produced and because

she has a mediation scheduled for Good Friday, March 30, 2018. I reiterated my preference to commence the deposition as scheduled, and Attorney Kaplan responded: "We are not coming."


Signed: _____

Patrick M. Noonan, Esquire


Dated:      March 27, 2018


STATE OF CONNECTICUT )
                    ) ss:  New Haven      March 27, 2018
COUNTY OF NEW HAVEN )


Personally appeared Patrick M. Noonan, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.

_____
Notary Public
My Commission Expires: 6/30/18

6

THE DEFENDANTS,
YALE UNIVERSITY and YALE
UNIVERSITY BOARD OF TRUSTEES

By: _____/s/_____
PATRICK M. NOONAN – CT00189
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan