UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 18-CV-110 (JCH) |
| v. | : | |
| | : | |
| YALE UNIVERSITY, ET AL. | : | MARCH 30, 2018 |
|     Defendants. | : | |
| | : | |

**RULING RE: MOTION TO MODIFY THE SCHEDULING ORDER (DOC. NO. 66)**

      Plaintiff's Motion to Modify the Scheduling Order (Doc. No. 66) is denied.  This case was commenced with a request for a Temporary Restraining Order and a Preliminary Injunction (Doc. No. 6), and the court promptly scheduled a telephone conference on the Motion for a Temporary Restraining Order and to schedule a hearing on the Motion for a Preliminary Injunction (Doc. No. 33).  The case was also referred to the United States Magistrate Judge. (Doc. No. 22).

      As a result of that referral, the plaintiff advised the court he was withdrawing his Motion for a Preliminary Injunction and both parties were requesting an early trial date (August 2018) from the court.  (Doc. No. 42).  The court agreed to that trial schedule, but only after a conference with counsel to set a Scheduling Order for pretrial matters.  (Doc. No. 47).  That schedule is an ambitious one, but not unreasonable.  More importantly, it is one to which the parties and the court agreed.

      Approximately two weeks later, the plaintiff replaced his counsel.  (Doc. Nos. 54, 56).  Then, five weeks later, on the eve of defendant completing its paper discovery obligations, plaintiff filed his Motion to Modify.  While the court appreciates the compressed schedule which plaintiff now seeks to modify, it was entered for his benefit

1

and the defendant's benefit, and the court sees no reason to modify it now. There was consideration on both sides when it was agreed that the trial would occur in August 2018, and the defendant fairly claims prejudice if that trial date is moved. Plaintiff's counsel's letter to the court (March 29, 2018) assumes that certain events will occur, minimizing damages to plaintiff and exposure for the defendant. However, there are assumptions in the fourth sentence of the third paragraph that underlie the plaintiff's analysis.

The only reason given to modify the Scheduling Order (other than its ambitiousness, which both parties and the court were aware of when it entered) is that new counsel does not think it is now in her client's interest. However, the court is concerned that a party can, by changing counsel, and then waiting five weeks, change a scheduling order agreed to, and relied on, by both sides and the court.

If the parties wish to propose slight modifications to interim dates (without moving the trial date), the court would likely modify its Order (Doc. No. 50) entered on February 5, 2018, in such regards.

**SO ORDERED.**

Dated at New Haven, Connecticut this 30th day of March, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge