UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE : | CIVIL ACTION NO. |
| : | 3:18-cv-00110-JCH |
| PLAINTIFF : | |
| : | |
| v. : | |
| : | |
| YALE UNIVERSITY AND YALE UNIVERSITY : | |
| BOARD OF TRUSTEES : | |
| : | |
| DEFENDANTS : | APRIL 2, 2018 |

## DEFENDANTS' MOTION TO COMPEL DEPOSITION OF PLAINTIFF

Defendants move to compel the deposition of the plaintiff during the week of April 2, 2018. As the Court knows, the parties were placed on an expedited schedule due to the fact that this case is scheduled for trial in August. The parties initially scheduled the deposition of plaintiff for March 15. However, at the request of Attorney Kaplan, defense counsel acquiesced in her request to reschedule the deposition to March 26. That date was then unilaterally cancelled by Attorney Kaplan, who stated that she was quite confident that the Court would grant her motion to revise the scheduling order, in which she requested that trial be scheduled in in July, 2019. The Court, thereafter, denied Attorney Kaplan's motion, with the result that this matter will be tried in August, 2018, with jury selection on July 25.

Immediately after the Court denied the plaintiff's Motion to Revise the Scheduling Order, defense counsel emailed plaintiff's counsel to schedule the deposition of the plaintiff for

DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK   •   741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168   •   FAX: (203) 458-4424
JURIS NO. 415438

April 2 or April 3. Defense counsel was aware that plaintiff's counsel would be available on April 2, since she had scheduled depositions of defense witnesses in this case on April 2, which had to be cancelled in order to have the plaintiff's deposition completed first[1]. As can be seen from the emails attached hereto as Exhibit A, plaintiff's counsel claimed to be incapable of communicating with her client and would not agree to schedule the deposition for April 2 or 3.

Plaintiff's counsel finally telephoned the undersigned at approximately 5:00 p.m. on Saturday, March 31. At that time, the plaintiff informed defense counsel that, even though she had not contacted her client and, therefore, did not know his schedule, she would not produce her client for a deposition during the week of April 2. She offered two reasons for that refusal. First, she stated that it was "unfair" to produce her client for a deposition before an answer has been filed. Second, she stated it was "unfair" to require her to participate in depositions before she has the time to review the documents which have been produced over the last month on a "rolling" basis. As to the first claim, the defendants' answer is not due to be filed until April 9. Quite understandably, since the discovery responses were due to be filed prior to the time the answer was filed, defense counsel attended to the discovery responses, including production of documents, first. Nevertheless, in an effort to accommodate plaintiff's counsel, defense counsel will file the answer to the complaint as of today, April 2, a week early.

With regard to the plaintiff's second argument, the Court already considered Attorney Kaplan's claim of "unfairness" as to the speed of discovery in this matter, and found it lacking when the Court denied the Motion to Revise the Scheduling Order.

---

[1] When the Court established the scheduling order during a conference on February 1, 2018, the Court directed that the deposition of the plaintiff proceed first.

2

After Attorney Kaplan refused to schedule the deposition on April 2 or 3, defense counsel agreed to rearrange his schedule on any day during the week of April 2 for the deposition of the plaintiff, including rearranging a medical appointment, which has already been arranged two prior times, once for this case. See Exhibit A. Plaintiff's counsel then waited until 5:18 p.m. on Easter Sunday to propose Tuesday, April 10 as the new deposition date. See Exhibit B.

Prior to the change in counsel, plaintiff's initial counsel agreed to March 15 for the deposition of the plaintiff. At the same time, plaintiff's prior counsel asked to schedule the depositions of five witnesses from Yale University, and a deposition schedule was set. Thereafter, when Attorney Kaplan entered the case, she dropped some witnesses and added others, for a total of nine defense witnesses. Both defense counsel and defense witnesses then changed their schedules again, and accommodated Attorney Kaplan. The scheduling of witnesses was premised on the plaintiff being deposed on March 29, the date proposed by Attorney Kaplan after objecting to the March 15 date. However, Attorney Kaplan unilaterally cancelled that deposition.

The current scheduling order requires all depositions to be completed by April 25. Since the defendant has now lost April 2 as a date for the deposition, the parties must participate in twelve depositions over the next twenty-two days[2]. The cancellation of the deposition by Attorney Kaplan has also caused the cancellation of two defense witnesses, who were to be

---

[2] In addition to the plaintiff, the defendants have noticed the depositions of plaintiff's parents. Attorney Kaplan has indicated that she does not agree to the defendants taking their depositions. Defendants need to take their depositions in terms of plaintiff's damages and, in particular, in connection with plaintiff's claim of severe emotional distress.

3

deposed on April 2. Thus, they will also have to be fit in over the next twenty-two days. This alone will be a difficult task, since defense counsel rearranged his entire schedule twice to accommodate first plaintiff's initial lawyer and then Attorney Kaplan. The witnesses who were requested by each of plaintiff's lawyers have also had to rearrange their schedules twice.

The Court did not select the date of April 25 for the completion of the depositions at random. The plaintiff must disclose expert witnesses by May 16. Since the expert witnesses need to review depositions before writing their reports, this timeframe cannot be shortened. Thereafter, defense counsel must conduct depositions of plaintiff's experts by June 6, a period of just fourteen business days. Since the defendants do not know the number, subject matter, identity of the witnesses, location, or the dates on which the expert witnesses may be available for deposition, it is impossible to shorten that time period. The defendant then has until July 6 (nine business days) to depose the defense experts. All of these tasks must be accomplished prior to the date for the pretrial memo on July 13. At that point, the Court has required any Motions in Limine to be filed, at the same time as the pretrial memo. Obviously, defendants need some time to obtain and review the transcripts. All of the discovery, including expert discovery, must be completed in time for the parties to prepare their pretrial motions on July 13. Jury selection is then scheduled for July 25, twelve days after the pretrial memo is due. As can be seen from the foregoing, even if defense counsel were available on April 10 to conduct the deposition of the plaintiff, there simply is not sufficient time to undertake all of the tasks which must be accomplished, if discovery is delayed for another week because of plaintiff's desire to have more time to review documents before starting depositions.

4

As it happens, defense counsel is scheduled to be in Boston on April 10 and 11 for expert discovery in another Federal Court action, which is to be tried in the early fall. That deposition was rescheduled to accommodate the depositions rescheduled in the present case, and opposing counsel in that action agreed to the new date despite the fact that the time for deposing experts has now expired under that scheduling order. There is no ability to change that date at this point. Furthermore, the plaintiff in this case has scheduled the deposition of Jason Kilheffer on April 12 and defense counsel has other commitments scheduled for April 13. Thereafter, the deposition of Angela Gleason has been scheduled for April 16 in the morning, and defense counsel has a hearing before Judge Bolden in the afternoon (which defense counsel also previously rescheduled). Accordingly, if the deposition of the plaintiff is not scheduled for this week, it cannot be rescheduled until April 17, at which point the parties will be unable to prepare this case for an August trial, which appears to be plaintiff's goal.

In order to accommodate the plaintiff, defense counsel has already agreed to conduct the deposition of the plaintiff any day during the week of April 2, with the exception of April 5, when the depositions of two non-party Yale students have been scheduled by plaintiff. Counsel for those witnesses has informed the undersigned that the students have rearranged their schedules to permit the depositions to go forward on the date requested by the plaintiff, and that he will be out of state from April 14 through 22. Thereafter, he has commitments in other cases on April 23 and 24. April 25, the last date for completing depositions, is not available because the plaintiff has scheduled another deposition of one of the defendants' employees on that date.

While it is true that scheduling the deposition for Mr. Doe appears to be difficult, the fact is that parties, and even non-parties, have to rearrange their schedules and participate in a

5

deposition at times when it might be inconvenient. Nevertheless, in order to complete discovery and have this case ready for jury selection by July 25, defendants must insist on proceeding with the deposition of the plaintiff during this current week.

WHEREFORE, the defendants request that the Court grant this Motion to Compel and order the deposition of plaintiff to go forward on April 3, 2018 at 10:00 a.m. at The Office of the General Counsel, Yale University, 2 Whitney Grove Square, 8th Floor, Conference Room 802, New Haven, CT 06510. In the event that the Court believes that a different date is appropriate, defendants request that it be scheduled on either April 4 or April 6. Defendants further request an order requiring the parents of the plaintiff to appear for their depositions.

                                                         **THE DEFENDANTS,**
                                                        **YALE UNIVERSITY and YALE**
                                                        **UNIVERSITY BOARD OF TRUSTEES**

By:        /s/ct00189
       PATRICK M. NOONAN – CT00189
       DONAHUE, DURHAM & NOONAN, P.C.
       Concept Park
       741 Boston Post Road, Suite 306
       Guilford, CT 06437
       Telephone:  (203) 458-9168
       Fax:  (203) 458-4424
       Email: pnoonan@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan

EXHIBIT A

-----Original Message-----
From: Pat Noonan
Sent: Saturday, March 31, 2018 9:26 PM
To: skaplan lawkaplan.com; robf@ctnylaw.com
Subject: Doe v. Yale

Hi Susan and Robert,

    In follow up to our conversation at about 5:00 this afternoon, I am attaching a notice of deposition for your client for this coming Tuesday. As I have told you, both orally and in writing, I am also available Monday and would be happy to take the deposition then or any other day next week, except Wednesday (Sally and Jane Roe are being deposed Wednesday). I am willing to consider any proposal you would like to make about scheduling, except to change deposition dates. We will run out of time if we don't start the depositions. Unfortunately, I have to insist that we take the deposition of your client this week. (Wednesday is not ideal for me, since I would need to cancel a medical appointment which has already been rescheduled twice; but if that will assist you, I'll reschedule again.) As you know we had noticed your client's deposition for March 15. Then, at your request, we agreed to reschedule it for March 29. You then unilaterally cancelled. We have 10 depositions to be taken in the next 25 days, and in accordance with Judge Hall's order, the plaintiff is to be deposed first. We now have to reschedule two defense witnesses who were to be deposed on Monday, because of your cancellation of the plaintiff's deposition.

    I also note that due to the change in counsel some of our witnesses have now rearranged their schedules twice for their depositions. I really am not in a position to do that again. In addition to the schedules of the witnesses, I have now rearranged my schedule to accommodate the dates you requested. I'm sure you will recall that your predecessor had asked for just 5 depositions; you asked for 9 and I agreed without objection. I really don't have the ability to rearrange depositions again. However, if there is some other aspect of the scheduling order you would like to change, please let me know and I'll discuss it with my client.

    You indicated that you need me to file an answer in order to permit the deposition of your client to go forward. I'm sure you both know that, given the fact that the answer is not due until April 9, that is not an acceptable reason to cancel the deposition. However, in an effort to assist you, I will be filing my answer on Monday. Although I have sent a notice of deposition for Tuesday, I will reschedule everything I have in order to do this deposition next week. If you do not agree to produce your client for deposition next week, I will have no choice by to file a motion to compel on Monday. If that becomes necessary, I will ask for attorney's fees. Please let me know your preference.

    Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
Tel: 203-458-9168
Fax: 203-458-4424

-----Original Message-----
From: Pat Noonan
Sent: Saturday, March 31, 2018 1:34 PM
To: skaplan lawkaplan.com
Cc: Robert Fleischer
Subject: Re: Doe v. Yale

I can talk anytime you want, but I will not be able to agree to anything without consulting my client. You can propose a new schedule if you would like, but I am not able to agree to postpone the deposition of your client beyond this coming week. Therefore, we cannot wait until a new schedule is put in place(assuming we agree on one) in order to agree on a date for his deposition. Please pick one day or the other for the deposition. I would rather not trouble Judge Hall with another motion. I do think it is important that you communicate with your client; if he is not responding to your phone calls, texts and emails, perhaps his parents would be willing to intervene.
   Pat
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
(203) 458-9168

On Mar 31, 2018, at 1:24 PM, skaplan lawkaplan.com <skaplan@lawkaplan.com> wrote:


   Pat:

   I am trying to reach my client, and really cannot commit to anything without knowing his availability.

   Regardless, I take note of Judge Hall's willingness to approve a modification to the interim schedule, which I would like to consider with regard to the deposition schedule.

   If you would like to have a discussion about that subject to my client's approval, let's set up a call between you, me and Bob this afternoon (before 5 pm).

   When is a good time to call?

   On March 31, 2018 at 1:04 PM Pat Noonan wrote:


   Hi Robert and Susan,
   I have not heard from either of you. I believe we really need to start the depositions this week, given the shortened schedule; and Judge Hall directed that we start with the plaintiff's deposition. As you know we had previously noticed your client's deposition for March 15, and we then changed it to March 26 at your request. You then unilaterally cancelled that date. The only dates I am available this week are Monday and Tuesday. Please let me know which one you prefer. Thank you.
   Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
Tel: 203-458-9168
Fax: 203-458-4424

-----Original Message-----
From: Pat Noonan
Sent: Friday, March 30, 2018 5:05 PM
To: Robert Fleischer
Cc: skaplan lawkaplan.com
Subject: Re: Doe v. Yale

My cell is (203) 314-4562. I'm pretty tied up with family on Sunday. If you want to talk, tonight or tomorrow would be best. Alternatively you can just email your preference. Thanks.
Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
(203) 458-9168

On Mar 30, 2018, at 5:00 PM, Robert Fleischer wrote:


Pat:

As you know, Susan is out of the box today with that mediation in Manhattan. I pretty sure she hasn't even spoke with our client yet. I expect we will get back to you over the weekend. It might be helpful if you provide your cell phone number.


Robert

---

Robert M. Fleischer | Fleischer Law LLC

12 Centennial Drive | Milford, CT 06461

Direct Dial: 203.283-3369 | Cell: 203.246.8493

robf@ctnylaw.com | www.ctnylaw.com


New York Office:

75 South Broadway, Suite 400 | White Plains, NY 10601

Tel: (914) 595-4654


From: Pat Noonan [mailto:PNoonan@ddnctlaw.com]
Sent: Friday, March 30, 2018 2:31 PM
To: skaplan lawkaplan.com; robf@ctnylaw.com
Subject: Doe v. Yale


Hi Susan and Robert,

Can you let me know whether you prefer to have Daniel's deposition on Monday or Tuesday. Also, can you tell me who will be in attendance, so I can let building security know? Thanks.

Pat


Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
Tel: 203-458-9168
Fax: 203-458-4424


THE KAPLAN LAW OFFICE
SUSAN KAPLAN, PHD, ESQ.
30 WALL STREET, 8TH FL.
NEW YORK, NY 10005
TEL: 347.683.2505

# EXHIBIT B

-----Original Message-----
From: skaplan lawkaplan.com [mailto:skaplan@lawkaplan.com]
Sent: Sunday, April 01, 2018 5:18 PM
To: Pat Noonan
Cc: Charles Caranicas; robf@ctnylaw.com
Subject: Doe v Yale 18cv0110


Dear Pat:

1. Plaintiff is unable to appear this week for the following reasons:

a. He has classes scheduled Monday (8- 12:15) and Wednesday (8-12:15 and 4-6). He also has an exam scheduled for Wednesday for which he must study on Tuesday;

b. Thursday: in the first instance, Jane and Sally are scheduled for their deposition. While this may not occur (I was intending to discuss this with Mr. Fay), I may not know in time whether the Thursday slot will be open or not before you file your motion Monday morning. Regardless, Plaintiff also reports that his Grandmother has surgery scheduled (partial mastectomy) on Thursday, and fears he may be too distracted on Thursday;

c. Friday: Plaintiff ordinarily has classes on Friday. Moreover, this Friday he has his first session with a therapist in connection with his emotional distress, a session that has taken him months to schedule.

Defendants demand to unilaterally schedule Plaintiff under threat of monetary sanction on days he is scheduled for class and/or preparing for exams and when he is meeting with his therapist for the first time will be prejudicial to Plaintiff. This is especially true where, as here, we offer a reasonable alternative, as follows:

2. Plaintiff is willing and able to appear for his deposition on Tuesday, April 10.

3. Dorit Heimer is scheduled to be deposed on April 9. Plaintiff remains willing and able to depose her on that date. However, Plaintiff will accommodate Defendants' expressed interest that Plaintiff be deposed before any of other witness. If Defendants would rather reschedule her, please note that Plaintiff is willing to be very flexible in rescheduling her and would even be willing to conduct the deposition on a weekend day.

4. I note that David Post and Alex Menon were schedule to appear for their deposition tomorrow. However, on Friday, Defendants demanded that Plaintiff appear before any other witnesses and in particular that he appear on Monday or Tuesday of this coming week. Moreover, you have threatened expedited motion practice to commence tomorrow. Defendants' unilateral scheduling demands and threatened expedited motion practice to begin tomorrow precludes these depositions from happening tomorrow.

As for their rescheduling, we reiterate that Plaintiff is flexible and will even consider weekend days. I also note that Mr. Post and Ms. Menon may be scheduled for deposition in Doe v Yale 16-cv-1380, and if

noticed, would appear in the other action. For your consideration, we may be able to catch two birds, so to speak, at that time. This may be possible with other witnesses as well.

Moreover, Attorney Fleisher has just learned news of a death of a close family member last night. The funeral will be on a day this coming week, though he is not yet sure which day exactly. Plaintiff was reliant of Mr. Fleisher's availability--in person or by phone--for his deposition and all other scheduled depositions. All other issues aside, we request consideration for this unexpected event.

Judge Hall's expressed concern is remaining on schedule for the trial date, and she stated that the court "would likely modify its Order" to accommodate slight modifications with respect to all deadlines between now and then. We believe that this proposal speaks to Judge Hall's willingness to accommodate slight modifications. Indeed, with some cooperation, it is likely that we may still be able to complete all depositions by April 25 or sometime soon thereafter.

Please advise by email.

Sincerely--

The Kaplan Law Office
Susan Kaplan, Ph.D., Esq.
Tel: 347.683.2505
Charles Caranicas, Esq.
Tel: 347.432.1463
30 Wall St., 8th Fl.
New York, NY 10005
www.lawkaplan.com




THE KAPLAN LAW OFFICE
SUSAN KAPLAN, PHD, ESQ.
30 WALL STREET, 8TH FL.
NEW YORK, NY 10005
TEL: 347.683.2505