# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| JOHN DOE | : | CIVIL ACTION NO. |
| | : | 3:18-cv-00110-JCH |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY  AND YALE UNIVERSITY | : | |
| BOARD OF TRUSTEES | : | |
| | : | |
| DEFENDANTS | : | APRIL 2, 2018 |
| | : | |

## <u>DEFENDANTS' ANSWER TO COMPLAINT</u>

The defendants, Yale University and Yale University Board of Trustees, hereby respond to the plaintiff's Complaint filed January 18, 2018.

1.          The allegations contained in Paragraph 1 are denied, except to admit that the plaintiff filed this lawsuit after having been found responsible for violations of Yale University's Sexual Misconduct Policy and in response to the discipline imposed as a result of those violations.

2.          The defendants admit that on December 27, 2017, the plaintiff was notified of his suspension for the Spring 2018 and Fall 2018 semesters based on his violations of Yale's Sexual Misconduct Policy, which violations occurred in June and November 2016.

3.          The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.          The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except to admit that the two complaints were filed minutes apart.

5.          The allegations contained in Paragraph 5 are denied, except to admit that the two complainants communicated through text messages during the hearing.  As soon as that was brought to the attention of the UWC Secretary, copies of the text messages were obtained and shown to the plaintiff and his advisor who was present at the hearing.  After reviewing the text messages, the plaintiff and his advisor admitted that there was no evidence contained in the text messages of any collusion and therefore agreed to proceed with the hearing.

6-8.          The allegations contained in Paragraphs 6-8 are admitted.

9-10.          The allegations contained in Paragraphs 9-10 are denied.

11.          The defendants admit that the plaintiff brought this action stating a variety of causes of action, and deny that those causes of action have any merit.

12.          The defendants admit the allegations contained in Paragraph 12, except to deny knowledge or information sufficient to form a belief as to whether the plaintiff is a citizen of the United States or a resident of the State of New York.

13.          The defendants admit the allegations of Paragraph 13, except to deny knowledge or information as to the ranking, for the reason that the complaint does not state the source of that ranking.

14.  The allegations contained in Paragraph 14 are denied, except to admit that the Yale Corporation is the governing body of Yale University, and it is comprised of seventeen regular members with the Governor and Lieutenant Governor of Connecticut serving as ex officio members.

15.  The allegations of Paragraph 15 are admitted.

16-19.  The defendants admit that this Court has both subject matter and personal jurisdiction of this matter and that venue is proper in this District.

20-21.  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 20 and 21.

22.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except to admit that the plaintiff matriculated at Yale College in the fall of 2015, that he has not had either academic or disciplinary problems other than those referenced in the current complaint, and one additional matter referred to the Executive Committee, and that President Salovey sent a letter to the plaintiff relating to an article written by the plaintiff.  Defendants refer to that letter for the contents thereof.

23-24.  The allegations contained in Paragraphs 23 and 24 are admitted.

25.  The allegations contained in Paragraph 25 are denied.

26-27.  The defendants admit that OCR issued the documents in question and refer to those documents for the complete and accurate contents thereof.

28.  The allegations contained in Paragraph 28 are denied.

29.     The allegations contained in Paragraph 29 are denied, except to admit that the Yale Daily News published an article, and the defendants refer to that article for the contents thereof.

30.     The defendants deny that the revised 2015 Procedure was a "new" procedure, and refer to the Yale Daily News article for the contents thereof.

31.     The allegations in Paragraph 31 are denied.

32.     The allegations contained in Paragraph 32 are denied.

33.     The allegations contained in Paragraph 33 are denied, except that the defendants refer to the April 21, 2015 Report for the contents thereof.

34.     The allegations contained in Paragraph 34 are denied, except to admit that some UWC members provided suggestions for revision.

35.     The defendants deny the allegations contained in Paragraph 35, except to admit that the recommended sanction of the hearing panel is disclosed to the parties at the time the parties are notified of the decision made by the decision maker.

36.     The defendants deny the allegations of paragraph 33, except to admit that approximately 80 percent of hearings before the UWC result in a finding of responsibility against the respondent. The defendants deny the implication that this percentage suggests anti-male bias.

37-38.     The allegations contained in Paragraphs 37 and  38 are denied.

39-40.     The allegations contained in Paragraphs 39 and 40 are admitted.

41-42.     The defendants admit that Paragraphs 41 and 42 accurately state some of the duties of Title IX coordinators.

4

43-62.        With respect to paragraphs 43-62, the defendants refer to the UWC Procedures for the contents thereof.

63.        The allegations of Paragraph 63 are denied.

64.        The defendants admit that the Department of Education issued a press release on September 22, 2017, but deny the suggestion that that press release constituted a binding change in existing law.

65.        The defendants admit that Dr. Spangler issued a statement on September 22, 2017 and refer to that statement for the contents thereof.

66.        The allegations contained in Paragraph 66 are denied, except to admit that the UWC has consistently used a preponderance of the evidence standard for sexual misconduct complaints since its inception.

67.        The allegations in Paragraph 67 are denied.

68.        The defendants admit that the Department of Education conducted investigations at various educational institutions, but deny the implication that the Department of Education threatened to withdraw the defendants' federal funding.

69.        The defendants admit that Yale University receives federal funding and refers to the 2016-2017 Yale Annual Financial Report for the contents thereof.

70.        The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71.        The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 except to admit that a group of Yale students and alumni filed a Title IX complaint, which was resolved with the

Department of Education finding no violation of Title IX. With regard to the remainder of the allegations contained in Paragraph 71, the defendants refer to the Voluntary Resolution Agreement between Yale and OCR for the contents thereof.

72-74.        The allegations contained in Paragraph 72 are denied, except to admit that President Levin appointed the Marshall Committee, which included three women and one man to review Yale's Sexual Misconduct Policies and to admit that the sole mechanism for addressing formal complaints of Sexual Misconduct at Yale is the UWC.  The defendants deny that this "denied the accused the presumption of innocence."

75.        The allegations of paragraph 75 are denied, except that the defendants admit that the Department of Education commenced an investigation in 2004 relating to two alleged criminal sex offenses which were mistakenly not reported in Yale's Clery Act report in each of two years.   That investigation was concluded in 2013, and Yale was fined $155,000.

76-77.        The defendants deny the allegations contained in Paragraphs 76 and 77, except to admit that some Yale students have complained that students who had been found responsible for violations of Yale's Sexual Misconduct Policy were being punished too severely, while others complained that they were not being punished severely enough.

78.        The defendants deny the allegations contained in Paragraph 78 except to admit that Jack Montague was expelled after a finding of non-consensual intercourse, following which he sued Yale University. Yale University has denied the material allegations of that lawsuit.

79-81.        The allegations of Paragraphs 79-81 are denied.

82.      The defendants deny the allegations contained in Paragraph 82, but admit that there is a document entitled: "Preventing and Responding to Sexual Misconduct: Building a Climate of Safety and Respect at Yale." The defendants refer to that document for its contents.

83.      The defendants are unable to admit or deny the allegations contained in Paragraph 83 since that paragraph does not contain any reference to the document which is purportedly being quoted.

84.      The defendants refer to the source listed in Paragraph 84 for the statistics listed in the publication for the 2014-2015 academic year.

85.      The allegations of Paragraphs 85 are denied.

86-87.      The allegations of Paragraphs 86-87 are denied.

88.      The defendants are unable to admit or deny the accuracy of the quoted language of Paragraph 88 since that paragraph of the complaint does not identify the document which has purportedly been quoted.  The defendants deny that the Yale Police Department is unwilling to offer services to respondents.

89.      The defendants admit that complainants of both genders have access to the SHARE Center, the UWC, Title IX Coordinators, Mental Health and Counseling, and the Yale Police Department.  The defendants deny that there are no resources available for respondents, but admit that respondents of both genders are offered equal access to all resources. The defendants admit that more males than females are respondents, but deny the implication that that is a result of gender discrimination.

90.      The allegations contained in Paragraph 90 are denied.

91.         The allegations contained in Paragraph 91 are denied, since the Communicators and Consent Educators Program is not a "student organization." Defendants refer to the document listed for the contents thereof.

92.         The defendants deny knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 except to admit that Jane Roe was a trained CCE and that she indicated that she took her role seriously.

93-94.      The allegations contained in Paragraphs 93-94 are denied.

95-97.      The allegations contained in Paragraphs 95-97 are admitted.

98.         The allegations contained in Paragraph 98 are admitted, except to deny that the bus trip was not in any way affiliated with Yale University.  The event was a student-organized trip for a Yale University football game.

99.         The allegations contained in Paragraph 99 are admitted.

100.        The defendants admit the allegations contained in Paragraph 100, except to deny that Deputy Title IX Coordinators serve as advisors to complainants.

101.        The allegations contained in Paragraph 101 are denied, except to admit that on September 22, 2017, John Doe was given the two UWC complaints in the presence of his college dean.

102.        The defendants admit that a Fact-Finder had been engaged, but deny that she had begun her investigation.  The defendants refer to the Fact-Finder's report for the number and order of witnesses who were interviewed.

103-104.    The allegations contained in Paragraphs 103 and 104 are admitted, except to deny that the complainants' advisors were "advocates."   They were advisors

available to them under Yale's UWC Procedures, just as the plaintiff had advisors available to him under the UWC Procedures.

105-106.     The allegations contained in Paragraphs 105 and 106 are admitted, except to deny the implication that the Fact-Finder acted inappropriately in interviewing the plaintiff less frequently or later than the interviews of the complainants.  The plaintiff refused to be interviewed until October 16, despite efforts of the Fact-Finder to interview him at several earlier dates.

107.     The allegations contained in Paragraph 107 are denied, except to admit that the Fact-Finder did not find it necessary to follow up with all of the witnesses following her interview with John Doe.  The defendants refer to the hearing panel report and decision of Dean Chun for the contents thereof.

108.     The allegations contained in Paragraph 108 are admitted.

109.     With respect to Paragraph 109 of the Complaint, the defendants refer to Jane Roe's UWC complaint for the contents thereof.

110-117.     The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 110 through 117, and refer to the Fact-Finder's report for the various statements made by witnesses in connection with Jane Roe's complaint.

118-122.     The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118-122, and refer to the Fact-Finder's report for the contents thereof.

123-125.      With respect to the allegations contained in Paragraphs 123-125, the defendants refer to the Complaint of Sally Roe for the contents thereof.

126.      The defendants admit that no witness reported to the Fact-Finder that he or she could identify Sally Roe as one of the women who had been groped, but deny the suggestion that no witness confirmed the groping of females on the bus by the plaintiff.

127.      The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, but deny the allegation that the side of the breast is known as the armpit or ribcage, and further deny the allegation that the side of the buttock is known as the hip or upper thigh.

128.      The defendants deny the allegations contained in paragraph 128 except to admit that, consistent with the UWC Procedures, UWC engaged an independent Fact-Finder to conduct an investigation following receipt of the two complaints.

129-130.      With respect to Paragraphs 129 and 130, the defendants refer to the report of the Fact-Finder for the dates when witnesses were interviewed and the subjects addressed in those interviews.

131-132.      The defendants deny the allegations contained in Paragraphs 131 and 132, except to refer to the email of David Post and the Fact-Finder's report for the contents thereof.

133-134.      The defendants admit the allegations contained in paragraphs 133-134 insofar as they allege that the plaintiff and the plaintiff's advisor both sent emails making the accusations contained in paragraphs 133 and 134, but deny that the Fact-Finder had not been impartial or had violated the UWC Procedures.

135.    Defendants deny the allegations contained in Paragraph 135.

136.    The allegations contained in Paragraph 136 are denied, except to admit that the plaintiff has accurately quoted one sentence from the UWC Procedures.

137.    The defendants admit that John Doe was provided with the Fact-Finder's report on November 17, 2017, but deny that that was the first time that he had been informed of the details of Jane Roe's and Sally Roe's claims.

138-140.    With respect to the allegations contained in Paragraphs 138-140, the defendants admit that the plaintiff made allegations regarding conflicts of interest, and further admit that, pursuant to the UWC Procedures, Mr. Post inquired of every panel member whether he or she had any conflict of interest.  The defendants deny that any member of the hearing panel or Mr. Post or any other participant in the process had any conflict of interest.

141-142.    The defendants admit the allegations contained in Paragraphs 141 and 142.

143.    The defendants deny knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 143.

144-148.    The allegations contained in Paragraphs 144-148 are denied, except to admit that during the hearing it was discovered that the two complainants had been texting one another and that the plaintiff's advisor suggested that they should not have been permitted to listen to each other's testimony.  The defendants further admit that, consistent with the UWC Procedures, Attorney Rose advised that the UWC Procedures provided that each party had the right to listen to the testimony of each other party.

149-150.      The defendants deny knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 149 and 150.

151.      The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, except to admit that as soon as the UWC panel became aware of the texting between the complainants, the texts of the complainants were obtained and shared with all parties.  The defendants refer to the text messages for the contents thereof.

152.      With respect to the allegations contained in Paragraph 152, the defendants refer to the text messages for the contents thereof.

153.      The allegations contained in Paragraph 153 are denied.

154.      The defendants admit the allegations contained in Paragraph 154.

155-156.      The allegations contained in Paragraphs 155 and 156 are denied, except to admit that the plaintiff and his advisor were provided with copies of the complainants' text messages, and that after reviewing those text messages, the plaintiff and his advisor admitted that they could find no evidence of collusion in the text messages and agreed that the hearing should proceed.

157.      The allegations contained in Paragraph 157 are denied, except to admit that the plaintiff had made known his allegation that Jane Doe, Sally Roe, as well as all of their roommates and friends who had been interviewed by the Fact-Finder, had held a palpable animosity towards him because of his political views.

158.        With respect to the allegations contained in Paragraph 158, the defendants admit that the bus trip occurred on November 18, 2016, shortly after the presidential election, and refer to the Yale Daily News article for its contents.

159-160.        The defendants deny the allegations contained in Paragraphs 159 and 160, except to admit that throughout the hearing there was discussion by the plaintiff of his view that others were biased against him because of his conservative political views and to admit that at one point, when the plaintiff became agitated, a break was taken.

161.        The defendants admit that the hearing was concluded after approximately eleven hours.  The defendants deny the allegation that the UWC did not question the complainants about the text messages which had been exchanged between them.

162-163.        The defendants admit the allegations contained in Paragraphs 162 and 163.

164.        The defendants admit that on December 22, 2017, the plaintiff submitted a response to the Panel's report and refer to his response for the contents thereof.

165.        With respect to the allegations contained in Paragraph 165, the defendants admit that on December 27, 2017, the plaintiff was sent Dean Chun's decision and refer to Dean Chun's letter for the contents thereof.

166.        The defendants deny the allegations contained in Paragraph 166, except to admit that Yale University did not impose an interim emergency suspension on the plaintiff during the time when complaints against him were being adjudicated.

167.       The allegations contained in Paragraph 167 are denied, except that the defendants refer to the Yale University Complaints of Sexual Misconduct for the contents thereof.

168.       The allegations contained in Paragraph 168 are admitted.

169-170.   The allegations contained in Paragraphs 169-170 are denied.

171.       The allegations contained in Paragraph 171 are denied, except that the defendants admit that Provost Polak appropriately denied the plaintiff's appeal.

172.       The allegations contained in Paragraph 172 are admitted.

173-175.   The defendants deny the allegations contained in Paragraphs 173-175.


## COUNT I

176.       The defendants repeat their responses to Paragraphs 1-175 as their response to Paragraph 176.

177-179.   With respect to the allegations contained in Paragraphs 177-79, the defendants refer to Title IX for the contents thereof.

180.       The defendants deny the allegations contained in Paragraph 180.

181-182.   With respect to the allegations contained in Paragraphs 181-182, the defendants refer to the subject regulations for the contents thereof.

183-186.   The defendants deny the allegations contained in Paragraph 183-186.

187.       With respect to the allegations contained in Paragraph 187, defendants deny that Yale University utilizes a "clear preponderance" of the evidence for all disciplinary matters other than sexual misconduct complaints.

188.        With respect to the allegations contained in Paragraph 188, the defendants refer to the UWC Procedures for the contents thereof.

189.        The defendants deny the allegations contained in Paragraph 189.

190.        The defendants deny the allegations contained in Paragraph 190 as stated, but admit that the Department of Education issued a statement and refers to that statement for the contents thereof.

191.        The defendants refer to the statement of Dr. Spangler for the contents thereof.

192.        The allegations contained in Paragraph 192 apparently refer to case law describing the types of actions which may be brought in court in connection with a claim for gender discrimination arising out of University disciplinary proceedings, to which no response from the defendants is required.

193-196.        The defendants deny the allegations contained in Paragraph 193-196.

197.        The defendants admit that all students who have been suspended or expelled from Yale College for sexual misconduct were male, but deny the implication that this was the result of gender discrimination.

198-200.        The defendants deny the allegations contained in Paragraph 198-200.

## COUNT II- Breach of Contract

201.        The defendants repeat their answers to Paragraphs 1-200 as their answer to Paragraph 201.

202.        The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202, except to admit that

plaintiff applied to, and was admitted to, Yale College and has paid the associated fees and expenses.

203-204.          Paragraphs 203 and 204 contain statements of law to which no response is required.

205-206.          The defendants deny the allegations contained in Paragraphs 205-206.

207-208.          With respect to the allegations contained in Paragraphs 207-208, the defendants admit that the plaintiff participated in both meetings, but deny that there was any impropriety in connection with either meeting.

209.              With respect to the allegations contained in Paragraph 209, the defendants admit that the interviews were undertaken, but deny the allegation that the questioning was in any way improper.

210.              The defendants deny the allegations contained in Paragraph 210, except to admit that the plaintiff has accurately quoted one sentence from Section 7.3 of the UWC Procedures.

211-212.          The defendants deny the allegations contained in Paragraphs 211 and 212, except to admit that the Fact-Finder conducted interviews of the complainants, the plaintiff and other witnesses.  The defendants deny knowledge or information sufficient to form a belief as to the information relied upon by the hearing panel or the decision maker, but refer to the hearing panel decision and the letter from Dean Chun for the contents thereof.

213.              The allegations contained in Paragraph 213 are admitted, except to deny that the plaintiff notified the UWC of any claimed conflicts of interest as to relationships of the complainants with members of the UWC.

16

214.        The defendants admit the allegations contained in Paragraph 214.

215.        The allegations contained in Paragraph 215 are denied, except the defendants admit that Professor Post, who had no conflict of interest, continued to oversee the UWC process and to admit that Professor Post, consistent with the UWC Procedures, declined to select a hearing panel from outside Yale University.

216.        The allegations contained in Paragraphs 216 are denied, except to admit that at one point during the hearing, the complainants' advisor asked whether each complainant was able to hear the testimony of the other, and that Attorney Rose responded that that was the case, which was appropriate in light of the fact that the UWC Procedures provide that every party has the right to listen to the testimony of each other party in a hearing.

217.        With respect to the allegations contained in Paragraph 217, the defendants deny the allegation that the plaintiff was denied his "fundamental right of due process," and further deny that the plaintiff's rights were violated in any respect by permitting all parties to listen to the testimony of one another, as provided in the UWC Procedures.

218.        The allegations contained in Paragraph 218 are denied, except to admit that the plaintiff's objection was heard but no remedy was necessary since the UWC Procedures permit the parties to hear all testimony at the hearing.

219.        The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219, except to admit that as soon as the UWC panel was made aware of the texting between the complainants, the texts of the complainants were obtained and shared with all parties, after which the plaintiff and his

advisor acknowledged that the text messages contained no evidence of collusion and agreed to proceed with the hearing.   The defendants refer to the text messages for the contents thereof.

220.        The allegations contained in Paragraph 220 are denied, except to admit that the plaintiff and his advisor were provided with copies of the complainants' text messages, and that after reviewing those text messages, the plaintiff and his advisor admitted that they could find no evidence of collusion in the text messages and agreed that the hearing should proceed.

221-222.        The defendants deny the allegations contained in Paragraphs 221 and 222, except to admit that throughout the hearing there was discussion by the plaintiff of his view that others were biased against him because of his conservative political views and to admit that at one point, when the plaintiff became agitated, a break was taken.

223.        The allegations of Paragraph 223 are admitted.

224-225.        The defendants deny the allegations contained in Paragraphs 224 and 225.

226-227.        The defendants deny the allegations contained in Paragraph 226-227, and refer to the decision of Dean Chun and to the UWC Procedures for the contents thereof.

228-229.        The allegations contained in Paragraphs 228 and 229 are denied.

## COUNT III- Breach of Contract/Common Law

230.        The defendants repeat their answers to Paragraphs 1-229 as their answer to Paragraph 230.

18

231.        Paragraph 231 contains a conclusion of law to which no response is required.

232-234.        The defendants deny the allegations contained in Paragraph 232-234.

**COUNT IV- Invasion of Privacy**

235.        The defendants repeat their answers to Paragraphs 1-234 as their answer to Paragraph 235.

236.        The allegations contained in Paragraph 236 are denied, except that the defendants admit that the Fact-Finder interviewed Ms. Gleason and the plaintiff's Dean and that summaries of those interviews are contained in the Fact-Finder's report. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff was questioned about discussions he had with Ms. Gleason and his Dean during the Panel hearing.

237-239.        The defendants deny the allegations contained in Paragraphs 237-239.

**COUNT V- Estoppel and Reliance**

240.        The defendants repeat their answers to Paragraphs 1-239 as their answer to Paragraph 240.

241-242.        Paragraphs 241 and 242 state conclusions of law to which no response is required.

243-246.        The defendants deny the allegations contained in Paragraphs 243-246.

**THE DEFENDANTS**


By:_____/s/_____
PATRICK M. NOONAN – CT00189
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:     (203) 458-9168
Fax:             (203) 458-4424
Email:  pnoonan@ddnctlaw.com


**CERTIFICATION**

    I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


_____/s/_____
Patrick M. Noonan